Cox et al. *v.* Roehler (et ux., Appellant).

Submitted October 10, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

418

*John E. Evans, Sr.,* with him *Charles J. Margiotti* and *Wesley A. Moffatt,* for appellant.

*A. M. Oliver,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

Plaintiffs recovered verdicts against F. C. Roehler and Mary Roehler, husband and wife, for damages resulting from his alleged negligence in operating an automobile jointly owned by defendants. From the judgments entered thereon the wife alone has appealed.

The sole question raised is whether the evidence is sufficient to show a master-servant relation between defendants—the only ground upon which the verdict against appellant could be sustained. Was the husband at the time of the accident acting as his wife's servant? We can find nothing in the record to indicate such a relationship. On this point, the whole of the testimony favorable to plaintiffs was that on the day of the accident appellant's husband had driven to a farm owned by her, taking some chicken feed with him, and that the accident happened in the course of the return journey, the husband having with him at the time a man employed to work on the farm, and some eggs which were to be sold or given away. Appellant did not accompany her husband to or from the farm. While title to the farm was in appellant, the clear and uncontradicted purport of the evidence is that it was under the control and management of her husband. When testifying for plaintiff, the hired man, although he knew that

appellant owned the farm, expressly referred to it as "Mr. Roehler's farm." Nothing appears to indicate that she was interested in its management or in any way profited from it, and to conclude from this record that it was in any sense operated by or for her would be to indulge in a mere guess or conjecture.

Nowhere is there evidence which would suggest any sort of control or right of control by appellant over her husband's physical conduct in the performance of services, or in any respect whatever—a factor which is essential to the existence of the relation of master and servant and liability flowing therefrom: see McColligan v. P. R. R. Co., 214 Pa. 229; Kelley v. D., L. & W. R. R. Co., 270 Pa. 426; Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340; Restatement, Agency, section 220. The fact that the car was jointly owned by appellant and her husband does not of itself make her liable, nor is the marital relation sufficient to constitute him her servant: Klein v. Klein, 311 Pa. 217; see Rodgers v. Saxton, 305 Pa. 479, 484-5. As we said in the Klein case, while the relation of master and servant *may* exist between husband and wife, it is only in rare instances that it does, and in the use of the property of each other, no one, least of all the husband or wife, thinks of the husband as being the master of the wife, or of the wife as the servant of the husband, or vice versa, and "the law must recognize this fact in exactly the way that the world at large recognizes it." So, also, the fact that the farm belonged to appellant falls far short of making him her servant in respect to acts done by him in the operation of it: see Dickerson v. Rogers, 114 N. Y. 405. For all that the evidence shows, the husband may have held the farm as tenant under a lease from his wife.

In this state of the evidence, appellant is unquestionably entitled to final judgment. However, since no motion for binding instructions or for judgment n. o. v. was made, we are not at liberty to enter judgment for her:

Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162; West v. Ins. Co., 277 Pa. 102. We can therefore do no more than sustain her assignment to the refusal of her motion for a new trial.

The judgments appealed from are reversed as to Mary Roehler, and a venire facias de novo is awarded as to her.