AETNA INSURANCE CO. *v.* KENNEDY TO THE USE OF BOGASH.*

No. 753. Argued April 30, 1937.—Decided May 17, 1937.

* Together with No. 754, *Springfield Fire & Marine Insurance Co.* v. *Kennedy to the use of Bogash;* and No. 755, *Liverpool & London & Globe Insurance Co.* v. *Kennedy to the use of Bogash.* On writs of Certiorari to the Circuit Court of Appeals for the Third Circuit.

*Mr. Horace M. Schell,* with whom *Messrs. Harry S. Ambler, Jr.,* and *Robert T. McCracken* were on the brief, for petitioners.

*Mr. Harry Shapiro* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Kennedy had a first mortgage, and a bank a second mortgage, on old brewery property in Pennsylvania owned

by a distilling company. The bank procured from petitioners fire insurance policies covering the building. Each policy states it is understood that the insured building is under foreclosure by the bank; the premium being paid by the bank, it is agreed that, in event of loss, same will be adjusted with the bank and paid to it and Kennedy, mortgagee, as interest may appear. Each provides for cancelation upon request of the insured and that the company may cancel by giving insured five days' written notice. It includes the standard mortgagee clause which provides: Loss or damage shall be payable to Kennedy as mortgagee as interest may appear; insurance as to the interest of the mortgagee shall not be invalidated by any act of the mortgagor or owner; in case the mortgagor or owner shall neglect to pay premium the mortgagee shall, on demand, pay the same. The company reserves the right to cancel the policy at any time as provided by its terms, but in such case the policy is to continue in force for the benefit of the mortgagee for ten days after notice to him.

After the bid at sheriff's sale in the foreclosure proceedings, the bank abandoned its interest in the property as worthless, notified Kennedy that it intended to cancel the policies and suggested that he buy them. He declined to do so or to pay the bank any part of the premiums and expressed intention not to advance any money in respect of the insured building. The bank surrendered the policies for cancelation; petitioners paid it the unearned premiums. Later, and within the period for which petitioners had insured it, the building burned. Bogash acquired Kennedy's interest and, to recover on the policies, brought these suits. Upon the statements of claim and affidavits of defense, there arose questions whether Kennedy consented to or acquiesced in the surrender and cancelation of the policies and whether they were in force when the loss occurred or had been surrendered and canceled before that time.

The parties, having introduced their evidence and agreed that the amount of the loss was $11,000, submitted their points for charge to the jury. Plaintiff requested the court to instruct the jury in respect of notice to Kennedy of cancelation and surrender of the policies, and consent by him that they be canceled, and to direct verdicts in favor of plaintiff for the agreed amount. Defendants requested the court to instruct the jury in respect of the right of cancelation under the policies; that, if the jury should find facts specified in the proposed instructions, its verdicts should be for defendants, and to direct the jury that, upon the pleadings and evidence, the verdicts must be for defendants. The court refused to direct for plaintiff or defendants and, without reserving for later consideration the requests for directed verdicts or any question of law, submitted the cases to the jury. It found for defendants. Plaintiff filed motions for new trial but did not move for judgments *non obstante veredicto*. The court denied the motions and entered judgments for defendants.

Plaintiff appealed; the Circuit Court of Appeals held the trial court erred in refusing to charge on points concerning notice of cancelation to Kennedy, reversed the judgments of the district court and ordered new trials. 87 F. (2d) 683. But on plaintiff's application for rehearing it held that, by their requests for peremptory instructions, plaintiff and defendants assumed the facts to be undisputed and submitted to the trial judge the determination of the inferences to be drawn from the evidence and so took the cases from the jury. The court also held that the evidence was not sufficient to sustain verdicts for defendants, denied the petition for rehearing and remanded the cases to the district court with directions to give plaintiff judgments for the agreed amount of the loss. 87 F. (2d) 684.

Questions presented are: Whether, by their request for directed verdicts, the parties waived their right to trial

by jury; whether, by reversing the judgments for defendants and directing judgments for plaintiff, the Circuit Court of Appeals deprived defendants of that right; and whether the evidence was sufficient to sustain a finding that Kennedy consented to the cancelation of the policies.

■ The Circuit Court of Appeals erred in holding that, by their requests for peremptory instructions, the parties took the cases from the jury and applied to the judge for decision of the issues of fact as well as of law. The established rule is that where plaintiff and defendant respectively request peremptory instructions, and do nothing more, they thereby assume the facts to be undisputed and in effect submit to the trial judge the determination of the inferences properly to be drawn from them. And upon review a finding of fact by the trial court under such circumstances must stand if the record discloses substantial evidence to support it.[1] But, as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver.[2] And unquestionably the parties respectively may request a peremptory instruction and, upon refusal of the court to direct a verdict, have submitted to the jury all issues as to which opposing inferences may be drawn from the evidence.[3] Here neither the plaintiff nor the defendants applied for directed verdicts without more. With their requests for peremptory instructions they submitted other requests that reason-

---

[1] *Beutell* v. *Magone,* 157 U. S. 154, 157. *Sena* v. *America Turquoise Co.,* 220 U. S. 497, 501. *American Nat. Bank* v. *Miller,* 229 U. S. 517, 520. *Williams* v. *Vreeland,* 250 U. S. 295, 298. *Oppenheimer* v. *Harriman Nat. Bank, ante,* pp. 206, 208.

[2] *Hodges* v. *Easton,* 106 U. S. 408, 412. *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 385. *Patton* v. *United States,* 281 U. S. 276, 312. *Dimick* v. *Schiedt,* 293 U. S. 474, 486. *Foust* v. *Munson S. S. Line,* 299 U. S. 77, 84.

[3] *Empire State Cattle Co.* v. *Atchison, T. & S. F. Ry. Co.,* 210 U. S. 1, 8. *Sampliner* v. *Motion Picture Patents Co.,* 254 U. S. 233, 239.

ably may be held to amount to applications that, if a peremptory instruction were not given, the cases be submitted to the jury. Indeed, we find nothing in the record to support the view that the parties waived their right of trial by jury or authorized the judge to decide any issue of fact.

■ The verdicts were taken unconditionally. Plaintiff moved for new trials but not for judgments. The court denied her motions and entered judgments for defendants. The Circuit Court of Appeals had jurisdiction to reverse and remand for new trials but was without power, consistently with the Seventh Amendment, to direct the trial court to give judgments for plaintiff. And, as before submission of the case to the jury the trial court denied plaintiff's motion for directed verdicts without reserving any question of law, neither that court nor the Circuit Court of Appeals had jurisdiction to find or adjudge that notwithstanding the verdicts plaintiff was entitled to recover. *Slocum* v. *New York Life Ins. Co.*, 228 U. S. 364, 387. Our decision in *Baltimore & Carolina Line* v. *Redman*, 295 U. S. 654, is not applicable.

There is another reason why the direction of judgments for plaintiff cannot stand. Under the Conformity Act, 28 U. S. C., § 724, federal courts follow the practice authorized by state statutes if there be nothing in them that is incongruous with their organization or their fundamental procedure or in conflict with congressional enactment.[4] The applicable Pennsylvania statute provides that whenever, upon the trial of any cause, a point requesting binding instructions has been reserved or de-

---

[4] *Henderson* v. *Louisville & N. R. Co.*, 123 U. S. 61, 64. *Amy* v. *Watertown, No. 1.*, 130 U. S. 301, 304. *Barrett* v. *Virginian Ry. Co.*, 250 U. S. 473, 475. *Baltimore & Carolina Line* v. *Redman*, 295 U. S. 654, 658. Cf. *Nudd* v. *Burrows*, 91 U. S. 426, 441. *Indianapolis & St. L. R. Co.* v. *Horst*, 93 U. S. 291, 300.

clined, the party presenting the point may move the court for judgment *non obstante veredicto;* whereupon it shall be the duty of the court, if it does not grant a new trial, to enter such judgment as should have been entered upon the evidence. From the judgment thus entered either party may appeal to the supreme or superior court, which shall review the action of the court below, and enter such judgment as shall be warranted by the evidence taken in that court.[5] As plaintiff failed to make appropriate motions in accordance with Pennsylvania practice, the district court did not err in failing to give plaintiff judgments notwithstanding the verdicts.[6] The Conformity Act does not extend to the Circuit Court of Appeals.[7] In the absence of motions for judgments notwithstanding the verdict in the lower court, the appellate court was without authority to direct entry of judgments for plaintiff.

■ Was the evidence sufficient to sustain a finding that, as to Kennedy's interest, the insurance terminated before the fire? As the period for which the policies were written had not expired when the loss occurred, defendants had the burden to show that the insurance was not in force at that time. Kennedy was not merely a designated beneficiary to whom was payable, as specified, insurance obtained by the bank. The mortgagee clause created a contract of insurance between him and the company and effected separate insurance upon his interest.[8]

---

[5] Act of April 22, 1905, P. L. 286; 12 Purdon's Penna. Statutes Annotated, § 681. Quoted in *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 375–376.

[6] *West* v. *Manatawny Mut. F. & S. Ins. Co.,* 277 Pa. 102; 120 Atl. 763. *Cox* v. *Roehler,* 316 Pa. 417, 419–420; 175 Atl. 417.

[7] *Camp* v. *Gress,* 250 U. S. 308, 318.

[8] *Syndicate Ins. Co.* v. *Bohn,* 65 Fed. 165, 178. *Insurance Co.* v. *International Trust Co.,* 71 Fed. 88, 91. *Newark Fire Ins. Co.* v. *Turk,* 6 F. (2d) 533, 535. *Westchester Fire Ins. Co.* v. *Norfolk*

Defendants do not claim that they gave Kennedy any notice of intention to cancel his insurance or that the policies had been surrendered by the bank in accordance with their terms or otherwise.

The evidence shows: After bids were received at foreclosure sale the bank's attorney asked Kennedy to take over the policies and, upon his refusal so to do or to pay the bank anything on account of unearned premiums, informed him that the bank intended to surrender the policies. He expressed no objection, authorization or consent. There is no evidence that before the fire Kennedy had been notified by the bank or by the defendants, or knew, that the bank had surrendered the policies or received return premiums or that defendants attempted to cancel his insurance. The evidence is not enough to support a finding that he intended the building to become or remain uninsured or authorize the bank to act for him in respect of his insurance, or that he consented to, acquiesced in or ratified the surrender or cancelation of the policies. Defendants do not claim that they canceled Kennedy's insurance by giving him notice in accordance with the policies. The Circuit Court of Appeals rightly reversed the judgments of the district court but erroneously directed judgments for plaintiff.

The judgments of the Circuit Court of Appeals are accordingly modified by eliminating the directions to enter judgments for plaintiff and by substituting orders for new trials.

*Judgments modified.*

*Building & Loan Assn.*, 14 F. (2d) 524, 526. *Queen Ins. Co.* v. *People's Union Sav. Bank*, 50 F. (2d) 63, 64. *Kimberley & Carpenter* v. *Fireman's Fund Ins. Co.*, 78 F. (2d) 62, 64. 4 Joyce, Law of Insurance, 2nd ed., § 2795, p. 4776. Richards, Law of Insurance, 4th ed., § 279, p. 478. Vance on Insurance, 2nd ed., § 170, p. 657.