## McDONNELL v. GENERAL NEWS BUREAU, Inc.

### No. 6312.

Circuit Court of Appeals, Third Circuit.

Sept. 21, 1937.

On Rehearing Dec. 29, 1937.

---

[8] Texas Co. v. Carmichael, D.C., 13 F. Supp. 242, 246; Therrell v. Commissioner, 5 Cir., 88 F.2d 869, 872.

on June 4, 1934,. against the General News Bureau, Inc., a corporate citizen of Illinois, to recover for breach of an alleged oral contract of employment made in July, 1929. Defense was made, inter alia, that defendant's employment of plaintiff was by a written contract dated August 19, 1929, signed by both parties, that all prior negotiations were presumed by law to be embodied in said writing, and that the plaintiff could not recover on its alleged prior oral contract. On the trial the court refused the defendant's point for binding instruction in its favor and submitted the case to the jury, which found a verdict for the plaintiff. Subsequently, on motion of the defendant, a judgment in its favor n. o. v. was entered by the court. Thereupon, plaintiff took this appeal.

The proofs in the case and the law bearing thereon are set forth at length in the court's opinion, reference to which saves present restatement. Its opinion was predicated on the conclusions, first, that the written contract by its terms embodied the whole subject of plaintiff's employment; second, that the plaintiff's evidence was not of the indubitable character required by federal and Pennsylvania decisions to cancel the written contract.

After due consideration had, we are of opinion the court was justified in so holding, and that it was in error in refusing defendant's request for binding instructions. Indeed, the court frankly conceded its error, and accordingly entered a judgment non obstante veredicto in favor of defendant.

The decisive questions here involved are, first, whether the court was in error in its conclusion that binding instruction should have been given. In that regard the court said:

"On August 19, 1929, McDonnell signed a written contract by which the defendant agreed to employ him for a period of five years at salary of $150 per week. This contract appears to be a complete instrument in all respects, and it contains no reference to any prior verbal arrangements. It deals with the plaintiff's business as follows: '(3) to induce General News Bureau to enter into this agreement and pay the compensation herein mentioned Mr. McDonnell agrees: * * * to give up and abandon the news service business now conducted by him in the city of Philadelphia. *. * *' That is all. There is no suggestion that the defendant is to pay any

Lemuel B. Schofield and James F. Masterson, both of Philadelphia, Pa., for appellant.

Samuel D. Goodis and Stanley Folz, both of Philadelphia, Pa. (Sundheim, Folz & Sundheim, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Arthur C. McDonnell, a citizen of Pennsylvania, brought suit

separate price for the business or that McDonnell is to receive any money beyond his salary. The agreements to pay $500 for moving and to take on McDonnell's employees are not mentioned.

"The plaintiff admitted that he signed the paper, and therefore is confronted by the parol evidence rule.

"Wigmore statement of the rule is, 'When a legal act is reduced into a single memorial all other utterances of the parties on that topic are legally immaterial for the purposes of determining what are the terms of their act.' * * *

■ "Of course, in order to call the parol evidence rule into operation, it is necessary that the parties intended to embody the subject matter of a transaction exclusively in the document. Whether or not they did so is a question which the court must determine—primarily from the document itself—but where that is not conclusive, by resort to evidence of the circumstances and nature of the entire transaction. At the trial I submitted this question to the jury. In so doing I was clearly wrong. Wigmore, § 2430(2); Seitz v. Brewers, etc., Co., 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837; Gianni v. R. Russell & Co., 281 Pa. 320, 126 A. 791. Under the point reserved I must now make the determination.

■ "The law of Pennsylvania governs. Watson Company v. Atlantic Refining Company, 42 F.(2d) 449 (C.C.A.3d). It is, if anything, less strict than the rule of the federal courts. Gianni v. R. Russell & Co., supra, states the Pennsylvania rule, and the case is as close, on its facts, to the present case as any I have found. The oral evidence was offered in that case not to contradict anything in the written contract but to supply a term, and the question involved was, as in the present case, whether the written contract was a complete integration of the subject matter. The court said 'When does the oral agreement come within the field embraced by the written one? This can be answered by comparing the two, and determining whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If they relate to the same subject matter and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. This question must be determined by the court.'

"Applying this practical and workable test to the present case, I make the finding (which really is a fact finding although the basis for ruling of law) that the agreement for the purchase of the plaintiff's business and the contract of employment are so interrelated that both would naturally be executed at the same time and in the same contract. * * *

"I think we might go further however and say that the written contract alone is sufficient to exclude oral testimony as to any agreement to pay a price for the business. As was pointed out by the Supreme Court in Seitz v. Brewers, etc., Co., supra, if the written contract on its face is complete, embracing the whole subject matter, it may be taken as the sole criterion. This written contract provides that McDonnell will give up and abandon his business and not engage in any similar business in competition with the defendant. His doing so is expressly made a condition precedent of the execution of the contract. It is in reality a part of the consideration for the defendant's promise to pay him $150 a week for five years, and vice versa, the $150 a week is the consideration for his giving up the business. What is the subject matter which the parties are dealing with in these terms? Obviously the disposition of the business conducted by McDonnell. The sole provision regarding it is that McDonnell shall give it up. The absence of any covenant to pay a separate price for it means that none is to be paid. Here, as in the Seitz Case, supra, the agreement 'cannot be determined to be less comprehensive than it is.'

"My conclusion is that the written contract of August 19, if a valid act, wholly excludes consideration of the testimony as to the oral agreement upon which the plaintiff's case is based."

It follows then that unless the contract was void, it, and not prior negotiations, was the measure of the plaintiff's rights.

■ But plaintiff contends, as stated by the court:

"The second contention of the plaintiff is that, whatever the legal effect of the contract of August 19 may have been, his execution of it was induced by fraud and hence cannot be considered as a valid act, and that this question was properly left to the jury.

"Again, I am of the opinion that this question should not have been submitted.

The evidence of fraud relied upon by the plaintiff wholly fails to meet the measure of proof required to set aside a contract on that ground and the jury should have been so instructed."

Bearing on that question, the court said:

"Where a party sets out to nullify a written instrument signed by him for fraud his evidence must be clear, unequivocal and convincing and it cannot be done upon a bare preponderance of evidence which leaves the issue in doubt. United States v. Maxwell Land-Grant Company, 121 U.S. 325, 7 S.Ct. 1015, 30 L.Ed. 949. 'Cancelling an executed contract is an exertion of the most extraordinary power of a court of equity. The power ought not to be exercised except in a clear case.' Again 'Fraud is never presumed and the burden is upon the defendant to show facts constituting fraud by clear, cogent, convincing and certain proof.' New York Life Insurance Company v. Kwetkauskas, 63 F.(2d) 890 (C.C.A.3d). Although the Pennsylvania decisions phrase the rule a little differently (clear, precise and indubitable) it is the equivalent of the federal rule. See Rader v. Lehigh Valley Railroad Company (C.C. A.) 26 F.(2d) 73, in which the Pennsylvania rule was approved.

"The Pennsylvania courts have again given us a very simple and definite rule to apply in determining what these terms mean. 'When the terms clear, precise and indubitable, are used in defining the requisite proof of a particular fact to be made out by oral testimony, it is meant that it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, that they narrate the details exactly, and that their statements are true.' Per Rice, J. * * *

"I conclude that the testimony offered by the plaintiff to invalidate his act in signing the contract of August 19 is far from clear, precise and convincing, that it wholly fails to meet the measure of proof required by the law in such cases, and that the plaintiff's act in signing the contract was valid and binding upon him in all its consequences."

We agree therewith, and had the court followed the course indicated and instructed the jury that the written contract was the sole measure of the plaintiff's rights, that prior negotiations were merged in it, and, further, that the proof offered to cancel the contract did not meas- ure up to the indubitable standard required to cancel a contract, and that their verdict should be for the defendant, no error would have been involved. But unfortunately the court did not follow this course, and there was a verdict for the plaintiff. Instead, however, of granting a new trial, the court entered a judgment non obstante veredicto in defendant's favor. In doing so the court was in conflict with Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S. Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, the syllabus of which is: "Although under the practice of the State a judgment may be entered on the evidence non obstante veredicto, the Federal court may not do so but must order a new trial where the evidence does not sustain the verdict."

Its judgment must, therefore, be reversed, and, in accordance with Ætna Ins. Co. v. Kennedy, to Use of Bogash, 301 U. S. 389, 57 S.Ct. 809, 81 L.Ed. 1177, we deem it our duty to direct the court below to grant a new trial.

### Sur Petition for Rehearing.

PER CURIAM.

In this case the fact now appears, which was overlooked by this court, that the judge below had properly reserved the question of law as to whether a judgment should be entered non obstante veredicto in favor of the defendant. The rule enunciated by the Supreme Court in Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, as modified by a later opinion, was properly applied by the court below in the entry of a judgment for the defendant.

Accordingly, we withdraw the portion of the opinion of this court, pages 6 and 7, 93 F.2d 901, dealing with this question, beginning: "We agree therewith, and had the court followed the course indicated and instructed the jury that the written contract was the sole measure of the plaintiff's rights, that prior negotiations were merged in it, and, further, that the proof offered to cancel the contract did not measure up to the indubitable standard required to cancel a contract, and that their verdict should be for the defendant, no error would have been involved. But unfortunately the court did not follow this course and there was a verdict for the plaintiff. Instead, however, of granting a new trial, the court entered a judgment non obstante veredicto in defendant's favor. In doing so the court was in conflict with Slocum v. New York Life Ins.

Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, the syllabus of which is: 'Although under the practice of the state a judgment may be entered on the evidence non obstante veredicto, the federal court may not do so but must order a new trial when the evidence does not sustain the verdict.' Its judgment must, therefore, be reversed and in accordance with Ætna v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177. We deem it our duty to direct the court below to grant a new trial." And we substitute therefor the following: "So holding, the entry of judgment n. o. v. by the court below is affirmed."