Petitioner in personam.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

On July 14, 1944, in the United States District Court for the District of Puerto Rico, petitioner was sentenced upon an indictment of two counts, the first charging the unlawful obtaining of "certain marihuana, to wit, approximately 3 cigarettes thereof, without having paid the tax which the law required him to pay upon such transfer of marihuana"; and the second count charging the unlawful transportation of the same three cigarettes. He was sentenced to a term of five years on the first count and three years on the second count, the sentences to run consecutively, but the execution of the sentence on the second count was suspended and defendant placed on probation for five years. Petitioner is now serving the sentence imposed on the first count.

Petitioner was indicted on June 20, 1944. On June 23rd he was arraigned and entered his plea of not guilty. He was at that time represented by counsel appointed by the Court, but subsequently secured other counsel.

## GARCIA v. SANFORD, Warden.

### No. 2055.

District Court, N. D. Georgia,
Atlanta Division.

March 8, 1945.

The case was set for trial on August 21, 1944, but, prior to that date, on July 14, 1944, he was brought before the Judge in chambers where his plea was changed by his new counsel from not guilty to guilty and sentence was immediately imposed.

For grounds for writ of habeas corpus petitioner alleges that the sentences imposed are invalid because (1) he was not sentenced in open court, but after adjournment of court and in the Judge's chambers; (2) because he never waived or authorized his attorney to waive proceedings and sentence in open court; and (3) because he never competently and intelligently changed his plea and entered a plea of guilty or authorized his attorney to do so.

Petitioner's testimony supports all of these contentions.

Respondent introduced in evidence the affidavits of Judge Robert A. Cooper, Pascual Amado Rivera, Assistant United States Attorney, and Jorge Ortiz Toro, defendant's attorney. These affidavits are all to the same effect. In fact, Judge Cooper adopts the statements set out in the affidavits of the other two witnesses and further stated, "The proceedings of the change of plea from not guilty to guilty and the sentence in this case were conducted in my chambers at the special request of counsel for the defendant." Mr. Rivera testified that, "The proceedings of the change of plea from not guilty to guilty and the imposition of sentence were conducted in the Judge's chambers at the request of defendant's counsel, who arrived just after the Court had adjourned that Friday morning."

Mr. Toro testified that petitioner asked him "to tell the Judge to give him a long sentence," but that he could not and did not tell petitioner what sentence he would receive because he did not know beforehand what sentence the Judge would give him. Mr. Toro further testified that petitioner "withdrew his prior plea of not guilty and pleaded guilty in the Judge's chambers. He was sentenced immediately, also in the Judge's chambers. His sentence was heard by the Clerk, a Deputy Marshal, the Assistant District Attorney, and myself." He further testified as follows: "I do not feel that defendant was prejudiced in any way by having his plea of guilty taken and sentence imposed in the Judge's chambers. This was done at my request and as an accommodation to me, my demeanor having amounted to a waiver of any right that de-fendant may have had to have his case called in the adjoining court room."

It appears indisputably, therefore, from respondent's evidence, that petitioner entered his plea of guilty and received sentence not in open court, but in the Judge's chambers, after court had adjourned. Petitioner denies that he consented to such disposition of his case or that he waived any of his rights, at least as far as an express waiver is concerned. His testimony in this respect has not been challenged, but it appears from respondent's evidence that his attorney, without the consent of petitioner, took it upon himself to waive petitioner's rights for his own convenience. Mr. Toro does not testify that petitioner authorized him to enter the plea of guilty except by inference, and petitioner denies that he did.

A criminal court is, of course, a common law court and, "It is a fundamental principle that courts can exercise judicial functions only at such times and places as are fixed by law, and that the judges of courts can enter no orders in vacation, except such as are expressly authorized by statute." Blair v. Reading, 99 Ill. 600, quoted with approval in Hammock v. Farmers Loan & Trust Co., 105 U.S. 77, 83, 26 L.Ed. 1111. The power or authority of the Judge at chambers is not an original power or authority to be exercised independently of the court. His jurisdiction and power are fixed by and limited to that granted by law. At common law the power is a very limited one, such as is ordinarily conducive to facilitate business pending in court and does not ordinarily extend to final judgments and sentences in criminal actions. No Federal statute authorizes imposition of a sentence in a criminal case in chambers. Such sentence can be imposed only in open court, unless such procedure is intelligently and competently waived. It is doubtful that it can be waived. Wright v. State, 103 Ala. 95, 15 So. 506; Reed v. State, 147 Ind. 41, 46 N.E. 135; State v. Scarborough, 70 S.C. 288, 49 S.E. 860. This requirement is a protection afforded not only to a defendant, but also to society and safeguards against the possibility of star chamber proceedings.

"The public has an interest in his life and liberty. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with, or affected

by the consent of the accused, much less by his mere failure, when on trial and in custody, to object to unauthorized methods." Hopt v. People of Territory of Utah, 110 U.S. 574, 579, 4 S.Ct. 202, 204, 28 L.Ed. 262.

■ The evidence in this case does not establish any waiver of the right to proceedings and sentence in open court, even if such waiver could be lawfully made. The evidence clearly shows that the alleged waiver was only implied and the act of petitioner's counsel for his own accommodation and without consultation with and consent of his client.

■ Furthermore, waivers of a constitutional right are never favored but must be established by clear and unequivocal proof. The Supreme Court has announced this principle in the following language:

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandoment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357.

In the case of Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680, the Supreme Court say that, "To preserve the protection of the Bill of Rights for hard-pressed defendants, we indulge every reasonable presumption against the waiver of fundamental rights." In this case the Court cites Ætna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

■ As to the other grounds for habeas corpus, it appears from the record in this proceeding that there was much haste, lack of consultation with petitioner, and as far as he was concerned, little understanding of what was taking place. I think that if petitioner plead guilty, such plea was not competently and intelligently made.

In my opinion, all three grounds of the writ of habeas corpus have been established and I find, therefore, that the writ should be sustained and petitioner discharged.