**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALIFORNIA SCENTS, aka California
Scents, Inc.,
　　　　*Plaintiff-counter-defendant-*
　　　　　　　　　*Appellant,*

v.

SURCO PRODUCTS, INC., aka Doe 1;
MAGIC MOUNTAIN PRODUCTS, aka
Doe 2; ODOR CONTROL CENTRAL,
aka Doe 3,
　　　　　　　　　*Defendants,*

ASSOCIATED PRODUCTS, INC., a
Pennslyvania Corporation; RALPH
J. SIMONS,
　　　　　　*Counter-defendants,*

and

PESTCO, INC., a Pennsylvania
Corporation dba Pacific Coast;
AIR-SCENT INTERNATIONAL, a
Pennslyvania Corporation,
　　　*Defendants-counter-claimants-*
　　　　　　　　　*Appellees.*

No. 03-56116

D.C. No.
CV-99-00009-GLT

OPINION

Appeal from the United States District Court
for the Central District of California
Gary L. Taylor, District Judge, Presiding

Argued and Submitted
February 8, 2005—Pasadena, California

Filed May 6, 2005

4987

Before: Harry Pregerson, William C. Canby, Jr.,
Circuit Judges, and Edward C. Reed, Jr.,* District Judge.

Opinion by Judge Pregerson

---

*Honorable Edward C. Reed, Jr., Senior United States District Judge for
the District of Nevada, sitting by designation.

**COUNSEL**

Steven Brower (argued) and Robert M. Dato (briefed), Stephan, Oringher, Richman & Theodora, Costa Mesa, California, for the plaintiff-appellant.

Richard A. Ejzak, Cohen & Grigsby, Pittsburgh, Pennsylvania, for the defendants-appellees.

---

## OPINION

PREGERSON, Circuit Judge:

When plaintiff California Scents filed its complaint it did not demand a jury trial. Defendant Pestco answered, filed counterclaims, and did demand a jury trial "as to all counterclaims." In this appeal we consider whether, under Federal Rule of Civil Procedure 38, California Scents reasonably relied on Pestco's jury trial demand "as to all counterclaims" so as to preserve California Scents's right to a jury trial on the claims pled in its complaint.

We conclude that the district court's denial of a jury trial on California Scents's claims was error that caused California Scents to suffer prejudice. We reverse and remand for trial.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  The Complaint, Answer, and Summary Judgment

California Scents manufactures air fresheners for the retail market. Its air fresheners are individually packaged "pull top" aluminum cans carrying brightly colored "scratch and sniff" labels. The labels produce a fragrance that corresponds to the name of the air freshener. The names of California Scents's air fresheners, for example "Sierra Meadows" and "Pasadena Rose," are suggestive of various California regions. Pestco manufactures a similar air freshener for the retail market.

California Scents brought suit against Pestco in district court, alleging trade dress infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C.

§ 1125(a), and unfair competition under California Business and Professions Code § 17200. In its complaint, California Scents alleged that it had developed and marketed an "inherently distinctive and non functional" trade dress for its air freshener. California Scents further alleged that after it sent Pestco a cease-and-desist letter, Pestco continued to manufacture a "nearly identical air freshener product, in nearly identical color-coded cans, with nearly identical color coded 'scratch and sniff' labels," and "exhibited [its] air fresheners in counter top display boxes which are nearly identical to [California] Scents's display box." Finally, California Scents claimed that Pestco falsely advertised that it had been in business since 1946. California Scents did not demand a jury trial when it filed its complaint.

Pestco asserted several affirmative defenses and counterclaims in its answer. Pestco admitted to manufacturing air fresheners such as "Sierra Spruce" and "Rose Parade," but alleged that California Scents's claims were barred by the doctrine of "unclean hands" because California Scents had copied Pestco's distinctive product line. Specifically, in its third affirmative defense, Pestco alleged that California Scents copied Pestco's "Nature Scent" product line, which consists of "a spill proof wafer impregnated with organic air fresheners in a variety of fragrances contained in a recyclable aluminum can with a removable ring-top cover and a multi-color outer label." Pestco further alleged that it began manufacturing and selling the distinctive air fresheners at least eight years before California Scents came into existence.

Pestco counterclaimed alleging (1) business disparagement, (2) business defamation, (3) conspiracy to disparage and defame under California law, and (4) false advertising under federal law. Pestco's first three counterclaims are based on the same allegations: that California Scents injured Pestco's reputation and sales by falsely representing to sales representatives and competitors in the air freshener industry that Pestco "copied and/or infringed upon" California Scents's air freshener

trade dress. Pestco's fourth counterclaim is based on the allegation that California Scents falsely advertised that its product contains one-hundred percent natural fragrance oils and made contradictory representations about the life-span of its air fresheners. The factual allegations in Pestco's third affirmative defense, including the contention that California Scents copied its trade dress from Pestco, were incorporated by reference into each of Pestco's counterclaims. Pestco demanded a jury trial "as to all counterclaims." The case was set for a jury trial in September 2000.

Pestco moved for summary judgment on California Scents's trade dress infringement and unfair competition claims.[1] The district court granted Pestco's motion for summary judgment. The district court then granted Pestco's subsequent motion to dismiss its counterclaims with prejudice.

California Scents appealed the grant of summary judgment in favor of Pestco. *See Cal. Scents v. Surco Prods., Inc.*, No. 00-56763, 2002 WL 22346 (9th Cir. Jan. 8, 2002) (unpublished disposition). We reversed and held that a genuine issue of material fact existed on each of the three factors necessary to make out a trade dress claim under the Lanham Act. *See id.* at *4.

## II.   The Bench Trial

On remand, California Scents argued that it was entitled to a jury trial on its claims for trade dress infringement and unfair competition even though it never demanded a jury trial. California Scents contended that many of the factual issues raised in Pestco's business defamation and disparagement counterclaims were similar to the issues raised in its trade dress infringement and unfair competition claims. In other words, California Scents believed that Pestco's jury demand

---

[1]The district court dismissed California Scents's false advertising claim in a separate order.

was directed to the same issues raised in California Scents's complaint. California Scents claimed that it was therefore entitled to rely on Pestco's jury demand to preserve its own right to a jury trial on its complaint. The district court disagreed, and ordered the case to be tried as a bench trial.

After a four day bench trial, the district court ruled for Pestco. The court found that California Scents failed to show by a preponderance of the evidence that its trade dress was nonfunctional, distinctive, or that there was a likelihood that the public would confuse Pestco's and California Scents's trade dress.

California Scents appeals the district court's ruling. California Scents argues that the district court erred in denying it a jury trial on its complaint and that the error was not harmless.

## STANDARD OF REVIEW

Entitlement to a jury trial is a question of law reviewed *de novo*. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001). This court reviews *de novo* a district court's interpretation of the Federal Rules of Civil Procedure. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir. 1998).

## ANALYSIS

### I.  The Scope of Reasonable Reliance Under Rule 38

[1] Federal Rule of Civil Procedure 38(b) provides that a party seeking to have a disputed issue tried before a jury must serve a jury demand upon the other parties "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). A party may "specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable."

Fed. R. Civ. P. 38(c). Once a demand has been made, it "may not be withdrawn without the consent of the parties." Fed. R. Civ. P. 38(d).

**[2]** Rule 38 "has been interpreted as incorporating a right of reasonable reliance on the jury demand of another party." *In re N-500L Cases*, 691 F.2d 15, 22 (1st Cir. 1982); *see also Rosen v. Dick*, 639 F.2d 82, 87 (2d Cir. 1980) ("Undoubtedly, Rule 38 embodies the equitable principles of reasonable reliance (for a party seeking to invoke the jury trial right) and adequate notice (for the other parties in an action)."). Thus, "once one party files such a [jury] demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands." *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995); *see also Rosen,* 639 F.2d at 91 ("[C]ourts will not require the formal making of a superfluous second demand, nor will they penalize a party who has reasonably relied on an existing demand.").

**[3]** The question presented in this appeal is whether the "issues" raised in California Scents's complaint were embraced by Pestco's jury demand. *See Rosen*, 639 F.2d at 92 ("If the first demand does not cover issues pertinent to a second party, the second party cannot rely reasonably on the first demand, and the second demand would be far from superfluous since, without it, the right to a jury trial will have been waived as to those additional issues."). If so, California Scents reasonably relied on Pestco's jury demand to preserve its own right to a jury trial on the claims in its complaint. If not, California Scents waived its right to a jury trial on its claims by failing to request a jury trial within ten days of the last pleading directed to the issues raised in its complaint. *See* Fed. R. Civ. P. 38(b), 38(d).

**[4]** In deciding this question, we draw on those cases analyzing whether a plaintiff that has waived its right to a jury trial on the claims in its complaint may nonetheless be entitled to a jury trial on the claims in its *amended* complaint. *See Lutz*

*v. Glendale Union High Sch.*, No. 03-15745, 2005 WL 797409 (9th Cir. April 8, 2005); *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614 (9th Cir. 1979); *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045 (9th Cir. 1974). Specifically, these cases focus on whether the amended complaint raises an "issue" for the purpose of Rule 38(b), not previously raised in the original complaint. *See, e.g., Lutz,* 2005 WL 797409, at *4 ("If these additional claims were new 'issue[s]' under Rule 38(b), then [the plaintiff's] jury trial demand . . . was timely as to them."). And, as these cases illustrate, "Rule 38(b) is concerned with issues of *fact*." *Id.* (emphasis in original); *Trixler Brokerage*, 505 F.2d at 1050 ("Manifestly, the issue contemplated by [Rule 38(b)] is one of fact.").

Most recently, we considered whether a plaintiff who had waived her right to a jury trial on the question of liability in her original complaint could nonetheless request a jury trial on liability in her amended complaint. *See Lutz*, 2005 WL 797409. The plaintiff's original complaint alleged violations of the Americans with Disabilities Act ("ADA"), while her amended complaint raised new claims under the Rehabilitation Act and under Arizona law. *Id.* at *1, *4. We found that "there [was] no significant difference in the facts necessary to support [the plaintiff's] original ADA claim and those supporting her new claims." *Id.* at *4. Because " 'the issues in the original complaint and the amended complaint turn[ed] on the same matrix of facts,' " we concluded that the amended complaint did not revive the plaintiff's right to request a jury trial on the question of liability. *Id.* (quoting *Las Vegas Sun,* 610 F.2d at 620).

**[5]** Our holding in *Lutz* followed from our earlier decision in *Las Vegas Sun.* There, we concluded that a plaintiff that had waived its right to a jury trial in its initial complaint was not entitled to a jury trial for the claims in its amended complaint. 610 F.2d at 620. We reasoned that the claims in both complaints "share[d] and hinge[d] entirely on the absence of

a legitimate business justification" for the defendants' conduct, and that both complaints "turn[ed] on the same matrix of facts." *Id.*; *see also Trixler Brokerage*, 505 F.2d at 1050 (holding that the plaintiff had waived its right to a jury trial for the claims in its amended complaint where the substance of the new claims "[a]t most . . . clarif[ied] the charges already made" by "elaborating on the charges of bad faith" in the original complaint).

**[6]** In cases examining whether a party may rely on the jury demand of another party to preserve its own right to a jury trial, other circuits have taken a similar approach to defining "issue" for the purposes of Rule 38. *See Rosen*, 639 F.2d at 93-96; *In re N-500L Cases*, 691 F.2d at 22-23. In *Rosen*, the Second Circuit considered whether a defendant was entitled to a jury trial based on the jury demand of a co-defendant. 639 F.2d at 83-84. The court recognized that a " 'defendant can rely on the jury demand of a co-defendant to the extent of the issues embraced by that demand.' " *Id.* at 93 (quoting *Collins v. Gov't of Virgin Islands*, 366 F.2d 279, 284 (3d Cir. 1966)). The court stressed that "the term 'issue' means something more than the evidence offered and the legal theories pursued, although these are pertinent factors," *id.* at 94, and noted that "the initial jury demand . . . will put the other parties on notice that a jury . . . will be trying all issues relating to (the) general area of dispute," *id.* at 96 (internal quotations and citation omitted).

Applying these principles, the Second Circuit concluded that the defendant was not entitled to a jury trial on the plaintiff's claims on the basis of the co-defendant's jury demand. *See id.* The defendant was charged with willful, reckless, and negligent investigation and preparation of an auditing report that company directors relied on to their detriment. *Id.* at 97-98. The co-defendant, a company director, was charged with willful and negligent failure to report misrepresentations and self-dealing of a business partner. *Id.* at 97. The court found that there was a "substantial difference in the factual issues

concerning these defendants," *id*., and that corporate misman-
agement and self-dealing were distinct issues from negligent
accountancy, *id*. at 98.

The First Circuit used similar reasoning in *In re N-500L
Cases*. In that case, relatives of victims of a plane crash sued
various defendants for losses associated with the crash and
demanded a jury trial in all cases. 691 F.2d at 18. On the eve
of trial, two defendants, Eastern Airlines and the Federal Avi-
ation Administration ("FAA"), settled with the plaintiffs and
assumed all liability but reserved their right to seek contribu-
tion from the other defendants. *Id*. Eastern and FAA then
moved for a bench trial on their contribution claims. *Id*. Two
of the remaining insurer-defendants objected, claiming that
they had justifiably relied on the plaintiff's jury demands. *Id*.
The district court held that the insurer-defendants waived their
rights to a jury trial by not raising a demand in their answers.
*Id*.

The First Circuit reversed in part. *See id*. at 23-24. Relying
on the Second Circuit's decision in *Rosen*, the court explained
that "since justifiable reliance is based on recurring issues, the
question is, when are issues the same." *Id*. at 23. The court
noted that "[t]he definition of an issue for purposes of Rule
38 is not a matter solely of fact or of law" and that "[o]ne
issue is the same as another when it is based on the same con-
duct or concerns the same general area of dispute." *Id*. Rely-
ing on our decision in *Las Vegas Sun*, the court stated that
"[i]f the factual allegations underlying two claims are the
same or if the issues 'turn on the same matrix of facts' the
issues are the same." *Id*. (quoting *Las Vegas Sun,* 610 F.2d at
620).

Thus, the First Circuit held that the insurer-defendants were
entitled to a jury trial on the issue of their insureds' liability
to the plaintiffs for negligence. *See id*. But because the court
found that the issue of contribution among the defendants
raised "issues with which plaintiffs were not concerned," the

court held that the plaintiffs' "complaints . . . [could not] reasonably be read as embracing these other contribution issues and reliance on [the plaintiffs'] jury demand for these issues [was] not reasonable." *Id.* at 24.

Here, both parties believe that "[t]he test for determining whether a request for a jury on a counterclaim entitles a party to a jury trial on the complaint is whether the counterclaim is compulsory, that is, whether it arises out of the subject matter of the plaintiff's legal claim." 8 James Wm. Moore et al., Moore's Federal Practice ¶ 38.50[9][c] (3d ed. 1999); *Park Club, Inc. v. Resolution Trust Corp.,* 967 F.2d 1053, 1057 (5th Cir. 1992). We do not need to decide, however, whether Pestco's counterclaims were compulsory to resolve the present dispute.[2]

**[7]** Rather, we decide only whether Pestco's counterclaims embraced the same "issues" within the meaning of Rule 38 as the claims in California Scents's complaint. If so, California Scents's reliance on Pestco's jury demand was reasonable and

[2]We recognize that the tests to determine whether an "issue" is the same for Rule 38 purposes discussed in *Las Vegas Sun, Rosen,* and *In re N-500L Cases,* are similar to this court's test for determining whether a counterclaim is compulsory. *Compare, e.g., Las Vegas Sun*, 610 F.2d at 620 (concluding that issues are the same for purposes of Rule 38 when they "turn on the same matrix of facts"), *with Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (noting that a claim is considered compulsory where "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit") (internal quotation and citation omitted). Nevertheless, we express no view as to whether Pestco's counterclaims were compulsory.

Accordingly, we need not decide whether we agree with the reasoning in the line of cases cited by Pestco that hold that "a counterclaim which stems from the filing of the main action and subsequent alleged defamations is not a compulsory counterclaim covered by Rule 13(a)." *Harris v. Steinem*, 571 F.2d 119, 124 (2d Cir. 1978); *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 29 (2d Cir. 1990); *Pochiro*, 827 F.2d at 1251 n.9 (discussing cases).

it was not required to make its own jury demand to preserve its right to a jury trial on the issues raised in its complaint. *See Rosen*, 639 F.2d at 92; *In re N-500L Cases*, 691 F.2d at 24. In examining this question, we "indulge every reasonable presumption against waiver" of the jury trial right. *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937).

## II.    California Scents's Reliance on Pestco's Jury Demand

[8] The legal issues asserted by each party are distinct, as is evident from a comparison of the elements of the parties' respective claims. To prevail in its business defamation and business disparagement counterclaims, Pestco would have had to prove facts that were unnecessary to California Scents's trade dress infringement claims, and vice-versa. *Compare* 4 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 27:99 (4th ed. 2004) (defining elements of common law product disparagement as (1) publication, (2) of a false and disparaging statement of fact about the product of plaintiff, (3) made with either knowledge of falsity or with reckless disregard of its truth or falsity, (4) with intent to harm plaintiff's interest, and (5) specific damages), *with Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998) (requiring plaintiff in trade dress infringement suit to prove that (1) the trade dress is nonfunctional, (2) the trade dress is inherently distinctive or acquired distinctiveness through secondary meaning, and (3) there is a likelihood that the public will confuse the alleged infringer's trade dress with that of the plaintiff's).

[9] Nonetheless, we conclude that Pestco's business disparagement and business defamation counterclaims and California Scents's trade dress claims "turn on the same matrix of facts," *Las Vegas Sun*, 610 F.2d at 620, and "concern[ ] the same general area of dispute," *In re N-500L Cases*, 691 F.2d at 23. Aside from their false advertising claims, the basic dispute between the parties concerns whether Pestco infringed on

California Scents's trade dress. The facts relevant to that dispute were central not only to California Scent's claims for trade dress infringement and unfair competition, but also to Pestco's counterclaims for business disparagement and business defamation. Indeed, Pestco would have been required to prove as part of its disparagement and defamation counterclaims that California Scents's statements—that Pestco infringed on or copied California Scents's trade dress—were untrue or misleading. *See Fin. Programs, Inc. v. Falcon Fin. Servs., Inc.*, 371 F. Supp. 770, 776 (D. Or. 1974) ("To support a claim of commercial disparagement, a plaintiff has the burden of establishing that the defendant has made untrue or misleading statements which disparage the quality of the plaintiff's product or services."); 4 McCarthy on Trademarks at § 27:103 ("The plaintiff in a commercial disparagement claim always bears the burden of proving that the alleged disparaging statement is substantially false or misleading.").

**[10]** The substantial factual overlap underpinning the parties' respective claims compels our conclusion that Pestco's jury demand on its counterclaims was directed, at least in part, to the same "issues" as California Scent's complaint. On this basis, we hold that California Scents's reliance on Pestco's jury demand to preserve its own right to a jury trial on its complaint was reasonable. *See Rosen*, 639 F.2d at 92; *In re N-500L Cases*, 691 F.2d at 24. Therefore, the district court erred in concluding that California Scents was not entitled a jury trial on its trade dress and unfair competition claims.

## III. Harmless Error Analysis

"The erroneous denial of a jury trial in a civil case is subject to harmless error analysis." *Fuller*, 47 F.3d at 1533. "The denial will be harmless only if 'no reasonable jury could have found for the losing party, and the trial court could have granted a directed verdict for the prevailing party.' " *Id*. (quoting *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985)).

**[11]** In the earlier appeal of this case, we concluded that California Scents provided sufficient evidence to raise a genuine issue of material fact for each of the three factors needed to make a trade dress claim against Pestco under the Lanham Act. Though the district court concluded at the end of the bench trial that California Scents had not proved by a preponderance of the evidence that Pestco had infringed on its trade dress, we cannot say on the record before us that "no reasonable jury could have found for [California Scents]." *Id.* (internal quotation omitted). Accordingly, we conclude that the erroneous denial of a jury trial to California Scents was *not* harmless. *See id.*

## CONCLUSION

We conclude that the district court erred in denying California Scents a jury trial on its complaint. Furthermore, we conclude that the error was not harmless.

The parties will bear their own costs on appeal.

**REVERSED** and **REMANDED.**