# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 11, 2014          Decided June 17, 2014

No. 13-7015

3D GLOBAL SOLUTIONS, INC.,
APPELLANT

v.

MVM, INC.,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-00722)

*Haytham Faraj* argued the cause and filed the brief for appellant. *Bradley P. Moss* entered an appearance.

*Herbert S. Rosenblum* argued the cause and filed the brief for appellee.

Before: GARLAND, *Chief Judge*, WILKINS, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* Wilkins.

WILKINS, *Circuit Judge*: This appeal arises out of a contract dispute between 3D Global Solutions, Inc. ("3D Global") and MVM, Inc. ("MVM"). In early 2005, MVM won a contract with the United States government to provide security forces in Kabul, Afghanistan. To fulfill its obligations under the contract, MVM entered into a recruiting agreement with 3D Global, pursuant to which 3D Global was retained to recruit and deploy third country nationals as security personnel for the United States embassy in Kabul. In April 2006, 3D Global filed a lawsuit against MVM in the district court for the District of Columbia, alleging, *inter alia*, breach of the recruiting agreement. MVM filed counterclaims, alleging that 3D Global breached the recruiting agreement by failing to provide third country nationals with the required English proficiency levels. The recruiting agreement contained a choice-of-law provision stating that the agreement will be governed by Virginia law.

The case went to trial on September 10, 2012. Before providing final instructions to the jury, the court held a conference with the parties to discuss the jury instructions. Counsel for 3D Global requested an instruction regarding "interest on damages." The following colloquy ensued:

> COUNSEL FOR 3D GLOBAL: I provided to the court a case from Virginia regarding interest on damages, and I would ask that the court include that in the instruction. I believe the statutory rate is 6 percent unless they contract—

> THE COURT: Why should that be included in an instruction? Why wouldn't that simply be after the verdict comes in, why wouldn't it, as a matter of law,

simply be added to whatever amount the jury came up with?

COUNSEL FOR 3D GLOBAL: It can. There is nothing that prevents the court from doing that.

THE COURT: The less that the jury has to focus on the easier their task will be.

COUNSEL FOR 3D GLOBAL: I agree. And based on my reading of the three or four cases—I'm not a Virginia lawyer, but it didn't appear that the court is precluded from doing that post verdict.

[JA-115-16] Counsel for MVM remained silent during the exchange between the court and counsel for 3D Global. The district court's final instructions to the jury did not mention prejudgment or post-judgment interest.

On September 20, 2012, the jury returned a verdict for 3D Global in the amount of $138,565. The jury did not award any incidental, consequential or nominal damages. After the verdict, counsel for 3D Global moved for an award of prejudgment interest at the Virginia statutory rate of six percent. Counsel for MVM objected, arguing that the awarding of prejudgment interest is discretionary with the finder of fact. The court granted 3D Global's motion on the basis that the issue was waived by the parties' failure to submit it to the jury on the verdict form. [JA-180-82]

On September 25, 2012, MVM filed a motion for reconsideration, renewing its argument that the jury, rather than the court, has discretion to award prejudgment interest under Virginia law. 3D Global opposed, claiming that the parties had agreed to have the trial court decide the issue

during the conference. The trial court reversed its earlier decision and granted MVM's motion, and this appeal followed.

On appeal, 3D Global argues that the district court had discretion to award prejudgment interest under Virginia law. Appellant Br. at 20-21. 3D Global further argues that MVM did not object to the court's initial ruling and was therefore foreclosed from raising the issue post-verdict. *Id.* at 18-19, 22-26. MVM, on the other hand, disputes 3D Global's claim that the parties agreed to have the district court decide the issue. Appellee Br. at 14-17.

As an initial matter, we accept, without deciding, the parties' assertion that abuse of discretion is the appropriate standard of review. Appellant Br. at 20; Appellee Br. at 7. Applying that standard, we do not find an abuse of discretion in this case.

The Virginia Code provides in pertinent part, "[i]n any Administrative Process Act (§ 2.2-4000 et seq.) action or action at law or suit in equity, the final order, verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." VA. CODE ANN. § 8.01-382. Thus, under the statute, the decision to award prejudgment interest falls within the discretion of the trier of fact. *See McClung v. Smith*, 89 F.3d 829 (4th Cir. 1996) ("The Virginia Code allows a jury or a court sitting without a jury to award prejudgment interest in an action at law or a suit in equity."); *Gill v. Rollins Protective Servs. Co.*, 836 F.2d 194, 198 (4th Cir. 1987). Thus, 3D Global's argument that the district court had discretion to award prejudgment interest in this instance fails as matter of law.

Moreover, when the district court initially ruled that it would decide the issue of prejudgment interest, 3D Global failed to advise the court that the issue is one for the jury under Virginia law. Instead, counsel for 3D Global erroneously informed the court that "[t]here is nothing that prevents the court from doing that." [JA-116] 3D Global therefore invited the error. *See Wagner v. Taylor*, 836 F.2d 596, 599 (D.C. Cir. 1987) ("It has long been settled that on appeal a litigant cannot avail himself of an error that he induced the court under review to commit.") (citations omitted); *Bhd. of R.R. Trainmen v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 380 F.2d 605, 609 (D.C. Cir. 1967), *cert. denied*, 389 U.S. 928 (1967); *Barone v. Williams*, 199 F.2d 189, 191 (D.C. Cir. 1952). We see no abuse of discretion in the district court's decision to change its earlier ruling after it had a more fulsome opportunity to consider the relevant Virginia law.

Nor do we find that the district court erred in concluding that the parties did not reach an agreement to submit the issue of prejudgment interest to the court. When counsel for 3D Global initially asked the district court to instruct the jury on prejudgment interest, counsel for MVM remained silent.[1] In

---

[1] MVM argued in its brief that it had no reason to object during the initial discussion between counsel for 3D Global and the district court because it was not clear whether 3D Global was seeking prejudgment or post-judgment interest. Appellee Br. at 15. MVM's counsel reiterated the claim during oral argument. *See* [Oral Arg. Recording at 13:07-14:10, 17:03-18:47]. We are dubious of this contention. Nonetheless, the trial court was in the best position to assess whether gamesmanship or sharp practice was at play here, and if so, how that should affect the outcome. Thus, it is quite significant that the trial court not only invited MVM to file a motion for reconsideration, but also granted the motion, for "the

the absence of a stipulation or express agreement by MVM's counsel, it was not an abuse of discretion for the district court to conclude that no such agreement existed, particularly since "[c]ourts will 'indulge every reasonable presumption against waiver' of a jury trial." *Rodenbur v. Kaufman*, 320 F.2d 679, 683 (D.C. Cir. 1963) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

Accordingly, we affirm the judgment below.

*So ordered.*

---

district judge is in the best position to assess whether or not 'justice requires' [reconsideration]." *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22–23 (1st Cir. 1985) (Breyer, J.) (cited in *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011)).