OPINION OF THE COURT

Per Curiam.

Order entered July 5, 1979 (B. Cohen, J.) is reversed, with *309 $10 costs, and the landlord’s motion to strike tenant’s jury demand is granted.
Special Term determined the jury waiver provision of the lease between the parties to be unconscionable as a matter of law and thus unenforceable (Real Property Law, § 235-c, subd 1). We disagree.
The courts have consistently upheld the validity of jury waiver clauses. In 1975, this court noted, "A provision in a lease waiving a trial by jury in the event of any litigation between the parties is valid and binding” (Avenue Assoc. v Buxbaum, 83 Misc 2d 719). The viability of jury waiver provisions has been approved both before and after Avenue Assoc. v Buxbaum (supra). (Waterside Holding Corp. v Lask, 233 App Div 456; Schwartz v Hillman, NYLJ, July 28, 1976, p 8, col 3; Jema Props. v McLeod, Nov. 20, 1975, p 6, col 2; Perlow v Mankato, Sept. 16, 1975, p 10, col 5; Fay’s Drug Co. v P & C Prop. Co-op., 51 AD2d 887; Koslowski v Palmieri, 94 Misc 2d 555, revd on other grounds 98 Misc 2d 885; Birchwood Assoc. v Steigauf, 75 Misc 2d 728, 730.)
Nor do the facts herein warrant a finding of unconscionability. This defendant did not enter into this lease. She is apparently an undertenant or cotenant of the original lessee. The record reveals nothing of the circumstances surrounding the execution of the lease. Indeed no claim of deceit has been made and the size of the print setting forth the jury waiver provision is identical to that of almost all other printed covenants and conditions of the lease (James Talcott, Inc. v Wilson Hosiery Co., 32 AD2d 524). As the court observed in James Talcott, Inc. v Wilson Hosiery Co. (supra, at p 525) "the signer of a deed or other instrument, expressive of a jurai act is conclusively bound thereby * * * 'Not to have read the contract or to have had it read to him before signing, if that be the fact * * * furnishes no basis for his repudiation of any of its terms’ [citations omitted]” (cf. Kwiatkowski v Brotherhood of Amer. Yeomen, 243 NY 394; Manufacturers & Traders Trust Co. v Commercial Door & Hardware, 51 AD2d 362).
Concur: Dudley, P. J., Hughes and Asch, JJ.