Lloyd J. DREILING, Steven J. Dreiling and the L. J. Dreiling Motor Company, Inc., a Colorado corporation, Plaintiffs,

v.

PEUGEOT MOTORS OF AMERICA, INC., a Delaware Corporation, Peugeot-Citroen, Inc., a French Corporation, Syd Dorn, Lou Bartlett, Pierre Lemaire, and William McMullin, Defendants.

Civ. A. No. 81–C–911.

United States District Court, D. Colorado.

May 13, 1982.

Richard B. Podoll, Mallgren & Podoll, P. C., Denver, Colo., for plaintiffs.

Philip E. Johnson, Mosley, Wells, & Spence, Denver, Colo., W. Allen Spurgeon, Spurgeon, Haney & Howbert, Colorado Springs, Colo., for defendants.

Lou Bartlett, pro se.

## ORDER

CARRIGAN, District Judge.

Defendants, Peugeot Motors of America, Inc., Pierre Lemaire, and Syd Dorn, have moved to strike the plaintiffs' demand for jury trial. Defendants claim that the plaintiffs waived the right by signing the 1978 Peugeot Dealer Agreement containing a provision whereby each party waived its right to jury trial in all controversies arising out of or in connection with the contract. While acknowledging the presence of the waiver provision, the plaintiffs contend that it is invalid.

The right to trial by jury in civil cases is guaranteed by the Seventh Amendment. This is a valuable, cherished right; it is integral to our system of justice. *Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 994 (10th Cir.), *cert. denied*, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964). Historically, federal courts have carefully guarded the right to jury trial. *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1962).

Jury trial may be waived if done knowingly and intentionally, but courts will indulge every reasonable presumption against waiver. *Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809; 811, 81 L.Ed. 1177 (1936); *Rodenbur v. Kaufmann*, 320 F.2d 679, 683 (D.C.Cir.1963). In view of this strong presumption the defendants have a very heavy burden of proving that the plaintiffs knowingly, voluntarily and intentionally agreed upon the jury waiver provision in the 1978 Agreement. A constitutional guarantee so fundamental as the right to jury trial cannot be waived unknowingly by mere insertion of a waiver provision on the twentieth page of a twenty-two page standardized form contract.

Defendants have presented no evidence that the waiver provision was a bargained for term of the contract, was mentioned during negotiations, or was even brought to the plaintiffs' attention. In fact, the defendants have failed to show that the plaintiffs had any choice other than to accept the contract as written. The 1978 Agreement appears to be Peugeot's standardized printed dealer contract, drafted by Peugeot. Obviously, the plaintiffs had little, if any, opportunity to negotiate the provisions. Absent proof to the contrary, such an inequality in relative bargaining positions suggests that the asserted waiver was neither knowing nor intentional. *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977).

Finally, the defendants' reliance on *McCarthy v. Wynne*, 126 F.2d 620 (10th Cir.), *cert. denied*, 317 U.S. 640, 63 S.Ct. 31, 87 L.Ed. 515 (1942), is misplaced. McCarthy involved a fact situation totally different from the instant case. There the parties expressly bargained for the waiver. One party waived his right to jury trial in consideration for the other party's forebearance from suit in another court. As the Court in McCarthy noted, the waiver "was not an ordinary waiver of trial by jury. It was in the nature of a private contract." 126 F.2d at 623. The jury waiver in the present case was not bargained for while litigation was pending. It was inserted into an agreement signed nearly three years before the present controversy arose. At that time the parties had no contemplation of suit. Thus, McCarthy is inapplicable.

Accordingly, I conclude that the defendants have not met their burden of proof to overcome the strong presumption in favor of jury trial. The motion to strike the plaintiffs' jury demand is denied.