CORTIÑAS, J.,
(dissenting).
This case involves a clear right to a jury trial in Florida’s state courts that, through a choice of forum clause (“Forum Clause”) in a cruise ticket contract, was taken away from the plaintiffs without notice or consent. In its pre-printed cruise tickets, which are provided to passengers after their purchase of a non-refundable cruise, Carnival includes a forum selection clause that provides as follows:
It is agreed by and between Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest’s cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A., to the exclusion of the Courts of any other county, state or country.
(Emphasis added). This particular Forum Clause is unenforceable with regard to the federal forum, as it operates to deprive appellants of their constitutional right to a *577 jury trial without notice and without consent. Art. I, § 22, Fla. Const.
Each of the appellants’ cases arises out of lawsuits filed against Carnival for personal injuries that allegedly occurred on Carnival ships. Kathryn Barry and Grace Garcia are both Florida citizens. Laurine Spivey-Ferguson is a citizen of Pennsylvania, and Thomas Leslie is a Canadian citizen. The relationship between the parties developed as one would expect; Carnival offered cruises for sale, the passengers purchased a cruise trip, and Carnival gave the passengers a ticket contract that memorialized the purchase and set forth its terms and conditions. Carnival provided neither the tickets nor the corresponding Forum Clause until after the purchase had been completed.
On its face, the Forum Clause appears to operate as any ordinary forum selection clause, that is, it restricts the filing of a lawsuit against Carnival to a particular forum, namely the United States District Court for the Southern District of Florida. However, because of the jurisdictional limitations of the federal courts, this Forum Clause actually operates to deprive certain passengers, including all of the appellants, of their right to a trial by jury without notification and consent.

The Jurisdictional Limitations of the Federal Courts

In addition to federal question jurisdiction pursuant to 28 U.S.C. § 1831, which is inapplicable here, federal court jurisdiction is limited to cases where there is diversity of citizenship among the parties and the claim exceeds $75,000. Title 28 of the United States Code provides in pertinent part:
§ 1332. Diversity of citizenship; amount in controversy; costs
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
[[Image here]]
(c) For purposes of this section and section 1441 of this title—
(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....[14]
28 U.S.C. § 1332 (emphasis added).
In addition, federal courts also have jurisdiction over admiralty and maritime cases, including cases that involve the shipping industry and the transport of passengers by water. Title 28 also provides:
§ 1333. Admiralty, maritime and prize cases
The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
28 U.S.C. § 1333 (emphasis added).
However, in admiralty court there is no entitlement to a jury trial. See Fed. R.Civ.P. 38(e) (“These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).”); See also Green v. Ross, 338 F.Supp. 365, 367 (S.D.Fla.1972) *578 (“Apart from any independent jurisdictional basis ... an admiralty claimant has no jury trial right unless [plaintiff] sues under a statute which expressly provides it....”).
The jurisdictional limitations of the federal courts cause Florida residents to be precluded from the federal court’s diversity jurisdiction and, accordingly, are restricted to the federal court’s admiralty jurisdiction where there is no right to a jury trial. The federal court’s jurisdictional limitations also preclude out-of-state plaintiffs whose claims do not exceed $75,000 from meeting the monetary threshold for diversity jurisdiction and, accordingly, these plaintiffs are similarly restricted to the federal court’s admiralty jurisdiction, where there is no right to a jury trial.

Concurrent State Court Jurisdiction Over Certain Maritime Cases

State courts, through the “saving to suitors” provision of 28 U.S.C. § 1333, have concurrent jurisdiction to hear certain civil admiralty and maritime eases, such as the ones before us, that otherwise would have been limited to federal courts. The U.S. Supreme Court has clearly held that the “saving” clause “leave[s] state courts ‘competent’ to adjudicate maritime causes of action in proceedings ⅛ personam,’ that is, where the defendant is a person, not a ship or some other instrument of navigation.” Madruga v. Superior Court, 346 U.S. 556, 560-61, 74 S.Ct. 298, 98 L.Ed. 290 (1954). Thus, although federal courts have exclusive jurisdiction over in rem actions, federal and state courts have concurrent jurisdiction over in personam actions, see id. at 561, 74 S.Ct. 298 and the effect of the clause is to give an in personam plaintiff “the choice of proceeding in an ordinary civil action in a state or federal court, rather than bringing a libel in admiralty in federal court.” 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3672 (2009). As Wright, Miller and Cooper explain, section 1333 gives the “suitor” the following options:
First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject-matter jurisdiction over-admiralty, maritime, and prize cases set out in Section 1333. Neither complete diversity of citizenship nor a minimum amount in controversy need be shown under the statute, but, if alternative bases of federal subject-matter jurisdiction exist, the plaintiff must affirmatively invoke admiralty jurisdiction. On the other hand, most plaintiffs will have no right to a trial by jury if they invoke the federal court’s general admiralty and maritime jurisdiction.
Second, by virtue of the saving-to-suitors clause, the plaintiff also has the option of either asserting his claim [at] law in a state court or bringing suit in a United States district court. However, to pursue the latter choice, the general requirements of complete diversity of citizenship and jurisdictional amount in controversy must be satisfied.
Id. (citations omitted).
The United States Supreme Court explained the genesis of the “saving to suitors” provision in Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001), as follows:
Article III, § 2, of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction. Section 9 of the Judiciary Act of 1789 codified this grant of exclusive original jurisdiction, but “sav[ed] to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.” Ch. 20, § 9, 1 Stat. 77. In the intervening years, Congress has revised the lan *579 guage of the saving to suitors clause, but its substance has remained largely unchanged. See 28 U.S.C. §§ 41(3) and 371 Third (1940 ed.) (“saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it”); 28 U.S.C. § 1333(1) (1946 ed., Supp. II) (“saving to the libel-lant or petitioner in every case any other remedy to which he is otherwise entitled”); Act of May 24, 1949, ch. 139, § 79, 63 Stat. 101 (“saving to suitors in all cases all other remedies to which they are otherwise entitled”). The jurisdictional statute now states that “[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.” 28 U.S.C. § 1333(1) (emphasis added).
Lewis, 531 U.S. at 443-44, 121 S.Ct. 993.
The Supreme Court clearly “defined the saving to suitors clause as a grant to state courts of in personam jurisdiction, concurrent with admiralty courts.” Id. at 445, 121 S.Ct. 993 (citing Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 123, 44 S.Ct. 274, 68 L.Ed. 582 (1924)). The Court also explained that “[tjrial by jury is an obvious, but not exclusive, example of the remedies available to suitors.” Lewis, 531 U.S. at 454-55, 121 S.Ct. 993 (citing Lake Tankers Corp. v. Henn, 354 U.S. 147, 153, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957)); Red Cross Line, 264 U.S. at 123-25, 44 S.Ct. 274). Because state courts, including Florida’s, afford litigants a constitutional right to a jury trial, the grant of concurrent jurisdiction to state courts under the “saving to suitors” provision essentially afforded those parties a fundamental right to a jury trial when filing certain admiralty and maritime claims in state court.
The concurring opinion posits that the application of federal law in maritime cases somehow minimizes the clear existence of concurrent state court jurisdiction over cases such as these and the accompanying right to a jury trial in our state courts. Of course, there is not a single case in American jurisprudence which supports this position. If that were the case, in a properly filed “saving to suitors” case, Carnival would be able to avoid a jury trial in our state courts by resorting to the concurring opinion’s “supremacy of federal maritime law” contrivance. No case has ever reached such a result.
Respectfully, the fact that federal law applies in maritime cases has little to do with this case or the issues before us. Instead, it is a red herring, worthy of momentary distraction without more. The concurring opinion alludes to the application of federal maritime law in construing the enforceability of a passenger cruise contract. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). It then concludes that, under federal maritime law, courts have enforced territorial forum selection clauses and, therefore, our Forum Clause must be enforced due to “supremacy of federal maritime law.” However, this inquiry assumes we are dealing with an ordinary territorial choice-of-forum clause that merely selects a particular forum over another. There is no dispute that, absent the waiver of the right to a jury trial, which is implicated in our particular Forum Clause, the selected forum would be upheld and enforced as it has been in our prior decisions where the right to a jury trial was not raised on appeal. See Carnival Corp. v. Booth, 946 So.2d 1112, 1116 (Fla. 3d DCA 2006). Of course, under Shute, the Forum Clause would have been enforceable to the extent that it operated as a territorial forum selection clause requiring a plaintiff to bring his or her law *580 suit in Miami-Dade County, Florida. However, in this case, we are asked to review and examine the Forum Clause’s further restriction to “the United States District Court for the Southern District of Florida in Miami.” The same “reasonably communicated” standard, under federal maritime law, governs our review of this provision of the Forum Clause. Thus, the application of federal maritime law simply requires that we look to whether the notice of waiver of the right to a jury trial was “reasonably communicated.” See Shute, 499 U.S. at 590, 111 S.Ct. 1522. Federal maritime law does not in any way diminish the clear concurrent state court jurisdiction over cases such as these or the concomitant right to a jury trial that exists in our state courts under the Florida Constitution.
Here, upon applying Carnival’s Forum Clause to the jurisdictional restrictions of the federal courts, it is readily apparent that this is no ordinary forum selection clause. Instead, in the case of the appellants and other similar plaintiffs, Carnival’s Forum Clause actually operates as a waiver of their right to a jury trial in state court without notice or consent. For example, Florida residents such as Barry and Garcia cannot avail themselves of the federal court’s diversity jurisdiction and, thus, are restricted to the federal court’s admiralty jurisdiction where there is no right to a jury trial. Similarly, out-of-state plaintiffs whose claims do not exceed $75,000, such as Spivey-Ferguson, do not meet the monetary threshold for diversity jurisdiction and are also restricted to the federal court’s admiralty jurisdiction, where there is no right to a jury trial. Finally, foreign plaintiffs such as Leslie are restricted to the federal court’s admiralty jurisdiction without the right to a jury trial because, for purposes of § 1332(a)(2), “[ejven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party [e.g. Leslie] is present on the other side of the litigation.” Universal Licensing Corp. v. Paola del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir.2002) (quoting Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir.2000)).

Fundamental Right to a Jury Trial in Florida’s State Courts

The Florida Constitution expressly provides for the right to trial by jury. Article I, Section 22, of the Florida Constitution provides:
§ 22. Trial by Jury
The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law.
Art. I, § 22, Fla. Const. Similarly, the Seventh Amendment of the United States Constitution provides:
In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.
Amend VII, U.S. Const.
The right to a jury trial has been recognized as “a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment.” Jacob v. City of New York, 315 U.S. 752, 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942). “A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.” Id. Moreover, “[t]he trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment *581 upon it has been watched with great jealousy.” Chauffeurs, Teamsters and Helpers, Local, No. 391 v. Terry, 494 U.S. 558, 581, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (quoting Parsons v. Bedford, Breedlove and Robeson, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830)).
Florida courts have also consistently highlighted the importance of the right to a trial by jury. “Questions as to the right to a jury trial should be resolved, if at all possible, in favor of the party seeking the jury trial, for that right is fundamentally guaranteed by the U.S. and Florida Constitutions.” Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 71 (Fla.1975); see also Hansard Constr. Corp. v. Rite Aid of Fla., Inc., 783 So.2d 307, 308 (Fla. 4th DCA 2001) (“Questions regarding the right to a jury trial should be resolved in favor of a jury trial ....”) (citing King Mountain Condo. Ass’n v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982)).
Although fundamental, the right to a jury trial may be expressly waived between parties. It has been long established that “the right to trial by jury may be waived, and the waiver is enforceable so long as it is made ‘knowingly and voluntarily.’” Great Earth Int’l Franchising Corp. v. Milks Dev., 311 F.Supp.2d 419, 437 (S.D.N.Y.2004) (upholding enforcement of jury trial waiver as knowing and voluntary where litigant’s counsel had drafted the agreement at issue and provision was in capital letters) (quoting Morgan Guar. Trust Co. v. Crane, 36 F.Supp.2d 602, 603 (S.D.N.Y.1999)); Allyn v. W. United Life Assurance Co., 347 F.Supp.2d 1246 (M.D.Fla.2004) (holding waiver enforceable where parties were highly educated and sophisticated businesspeople represented by counsel, the waiver was conspicuously disclosed in multiple provisions of the parties’ contract and the provisions at issue had been bargained for and negotiated).
By agreeing to file suit against Carnival only in the Southern District of Florida, residents of Florida or foreign states and those with claims less than $75,000 are inadvertently limited to the federal court’s admiralty jurisdiction and effectively deprived of their constitutional right to a jury trial. In addressing whether a waiver of the right to a jury trial is entered knowingly, voluntarily, and intelligently, one federal court has stated:
Courts consider a number of factors when determining whether a contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently. Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. Although the factors play an important role in the Court’s decision-making process, they are not determinative. Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.
Allyn, 347 F.Supp.2d 1246, 1252 (M.D.Fla. 2004) (citing Pers Travel Inc. v. Canal Square Assoc., 804 A.2d 1108, 1111 (D.C.2002)). In evaluating jury waiver clauses, “courts have consistently examined the following factors: negotiability of the contract terms, disparity in bargaining power between the parties, the business acumen of the party opposing the waiver, and the conspicuousness of the jury waiver provision.” Sullivan v. Ajax Navigation Corp., 881 F.Supp. 906, 910 (S.D.N.Y.1995).
*582 The few cases that have considered the issue before us have similarly safeguarded the fundamental right to a jury trial where there was not a knowing waiver. In Ginsberg v. Silversea Cruises, Ltd,., Inc., No. 03-62141-CIV, 2004 WL 3656827, (S.D.Fla. Mar. 18, 2004), a federal magistrate judge examined the enforceability of a provision waiving a jury trial present in a passenger ticket. Even though Ginsberg involved specific language that required cases to be tried in federal court “without jury,” the issues are analogous. The Ginsberg court noted that “the Seventh Amendment right to a jury trial is fundamental and can only be relinquished knowingly and intentionally. A presumption exists against waiving the right to a jury trial.” Id. at *1. In Sullivan, a federal court held that a forum selection clause containing language similar to the clause before us, was unenforceable where the cruise line operator was unable to prove that the passenger was aware she was relinquishing a constitutional right, the standardized forum selection language was drafted by the cruise line, and the passenger had no choice other than to accept the contract as written.[15] Sullivan, 881 F.Supp. at 911. Also, in McDonough v. Celebrity Cruises, Inc., No. 98 CIV. 1517(RWS), 2000 WL 341115 (S.D.N.Y. Mar. 30, 2000), the court rejected a cruise line’s motion to strike a demand for jury trial on grounds that the “right to a jury is fundamental, ‘and that its protection can only be relinquished knowingly and intentionally.’ ” Id. at *1.
Similarly, in the cases before us, appellants essentially waived their right to a jury trial in state court without the ability to negotiate, without an explanation of the applicable jurisdictional technicalities, and without advisement prior to purchase. Appellants were not aware of the existence of the Forum Clause, much less the language contained therein, until after they purchased their non-refundable cruises. Furthermore, a determination that appellants knowingly waived their right to a jury trial requires of a lay person the multi-layered understanding of the intricacies of federal jurisdiction and the implication of limiting their claims to admiralty court. In addition, the lay person would necessarily have to know these concepts before receiving the Forum Clause giving rise to such jurisdictional implications.[16]
Carnival argues that courts have found certain clauses, such as arbitration provisions that essentially act as waivers of the right to a jury trial, to be enforceable *583 absent an explicit waiver of the right to trial by jury.[17] See Cooper v. MRM Inv. Co., 367 F.3d 493 (6th Cir.2004). Carnival ignores the fact that courts have consistently held that the loss of a right to trial by jury is a “fairly obvious consequence of an agreement to arbitrate.” Henry v. Pizza Hut of Am., Inc., No. 6:07-cv-01128-Orl-DAB, 2007 WL 2827722, at *6 (M.D.Fla. Sept. 27, 2007) (quoting Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1371 (11th Cir.2005)); Robert Bosch Corp. v. ASC Inc., 195 Fed.Appx. 503, 508 (6th Cir.2006) (“[T]he loss of a right to a civil jury trial is a ‘fairly obvious consequence’ of failing to object to an arbitration clause, and therefore, does not require an express waiver ....”) (quoting Cooper, 367 F.3d at 506); Kaplan v. Kimball Homes Florida, Inc., 915 So.2d 755 (Fla. 2d DCA 2005) (finding that a specific waiver of the right to a jury trial was not necessary because “an agreement to arbitrate necessarily is understood to involve the relinquishment of the rights of access to courts and trial by jury.”). Moreover, “[t]he Seventh Amendment does not confer the right to a trial, but only the right to have a jury hear the case once it is determined that the litigation should proceed before a court. If the claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes.... ” Cremin v. Merrill Lynch, Pierce, Fenner Smith, Inc., 957 F.Supp. 1460, 1471 (N.D.Ill.1997); see also Caley v. Gulfstream Aerospace Corp., 428 F.3d at 1371. As such, although parties may freely contract to submit their claims to arbitration, it is generally accepted that they do so with the understanding that the right to a jury trial is being waived.
Carnival also argues that Florida courts and federal courts have upheld contractual forum selection clauses where the chosen forum does not allow the right to a jury trial. See Kanner v. Pan Am. Assistance, Inc., 807 So.2d 80 (Fla. 3d DCA 2001) (holding forum selection clause requiring that suit be brought in Colombia enforceable); Abbott Laboratories v. Takeda, 476 F.3d 421 (7th Cir.2007) (affirming dismissal of action where underlying forum selection clause required that suit be filed in Japan depending on who was the plaintiff); Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd., 462 F.Supp.2d 1098 (C.D.Cal.2006) (upholding forum selection clause requiring litigation in Tokyo). We find these cases unpersuasive and also distinguishable. When parties to a contract specifically agree to bring their claims in a jurisdiction outside of the United States, they cannot reasonably expect that they will enjoy the same rights and laws available under the American legal system. As the Abbott court noted, “[wjhen it signed the *584 [agreement containing the forum selection clause], [plaintiff] ... could and no doubt did consider the potential inconvenience of litigating in Japan, but decided to risk it. It is bound by its choice.” Abbott, 476 F.3d at 426. In the cases before us, appellants remained within the American legal system and had no reason to believe or assume that they would be deprived of their fundamental right to a jury trial.
Finally, Carnival posits that the Forum Clause should be enforced because Carnival assures us that they will not oppose any plaintiffs request for a jury trial in admiralty court.[18] Again, Carnival misses the point. A petition for a jury trial, even if unopposed, is not akin to a fundamental right to a trial by jury. Fundamental rights, having their origin in the express terms of the United States and Florida constitutions or necessarily implied from those terms, are the most paramount of rights that may exist. See Fox v. City of Pompano Beach, 984 So.2d 664, 668 (Fla. 4th DCA 2008) (“The right to a trial by jury is a fundamental right under both the United States and Florida constitutions.”); Blair v. State, 698 So.2d 1210, 1212-13 (Fla.1997).[19] Accordingly, to dilute a fun *585 damental right to a jury trial by equating it with a mere request is to deny its very existence.
Even with Carnival’s consent, the possibility of a jury trial in an admiralty matter remains entirely discretionary with the federal district court. Federal Rule of Civil Procedure 39(c) provides:
Advisory Jury; Jury Trial by Consent. In an action not triable of right by a jury, the court, on motion or on its own:
(1) may try any issue with an advisory jury; or
(2) may, with the parties’ consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.
Fed.R.Civ.P. 39(c)(l)-(2) (emphasis added). Rule 39(c) is permissive and the federal district court may — or may not — grant a jury trial even when Carnival has consented. Furthermore, any supposed acquiescence by Carnival to a jury trial in admiralty court would be of little consequence in multiple defendant cases since other parties would not be bound by Carnival’s agreement.
In Shute, the United States Supreme Court said, “[i]t bears emphasis that forum-selection clauses contained in form passage contracts are subject to scrutiny for fundamental fairness.” Shute, 499 U.S. at 595, 111 S.Ct. 1522. The federal portion of the Forum Clause in this case is fundamentally unfair because it eliminates trial by jury as a matter of right for any passenger who is unable to establish federal jurisdiction on the basis of diversity of citizenship. The Supreme Court went on to say:
Similarly, there is no evidence that petitioner obtained respondents’ accession to the forum clause by fraud or overreaching. Finally, respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity.
Id. In the cases before us, by contrast, there is overreaching because the effect of the Forum Clause was not disclosed and, in any event, this contractual provision was not provided to the passengers until they had already purchased their tickets.
For the foregoing reasons, we would grant the motion for rehearing en banc and find the federal court portion of the Forum Clause at issue here is unenforceable as it operates to deprive appellants of their constitutional right to a jury trial without notice and without consent. The federal portion of the Forum Clause is clearly infirm and unenforceable with regard to passengers who are unable to establish federal jurisdiction on the basis of diversity of citizenship. We would reverse the trial courts’ orders granting dismissal and allow the cases to proceed in the circuit court.
RAMIREZ, C.J., and COPE, ROTHENBERG, and SALTER, JJ., concur.

. It is undisputed that Carnival is a Panama corporation but has its principal place of business in Miami, Florida.

. The passenger ticket in Sullivan required that any action against the carrier must be “instituted in the United States District Court for the Southern District of New York as an admiralty or maritime action without demand for jury trial.” Sullivan, 881 F.Supp. at 908. The cover of the ticket also specified "IMPORTANT NOTICE: Please read the terms and conditions of transportation in this ticket which is a contract affecting your legal rights.” Id.

. Although appellants contend that a waiver of jury trial is unenforceable under federal maritime law, the resolution of these cases does not require us to decide that issue. See N. Fla. Women’s Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 640 (Fla.2003) ("Pursuant to the doctrine of judicial restraint, we decline to address petitioners’ remaining constitutional claims because resolution of those claims is unnecessary for the disposition of this case.”); Lake Towers, Inc. v. Axelrod, 216 So.2d 86, 87 (Fla. 4th DCA 1968) ("We expressly [d]o not decide the sufficiency of the complaint or of the lis pendens, or any of the other matters raised by defendant, since such issues are not necessary to the disposition of this matter.”); see also PDK Labs., Inc. v. United States DEA, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring) ("This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more— counsels us to go no further.”).

. We note that an arbitration clause in a typical cruise contract would be prohibited under Title 46, United States Code, Section 30509(a)(1)(B), which provides, in part:
§ 30509. Provisions limiting liability for personal injury or death
(a) Prohibition.—
(1) In general. — The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting—
[[Image here]]
(B) the right of a claimant for personal injury or death to a trial by court of competent jurisdiction.
46 U.S.C. § 30509 (emphasis added). Thus, the clear and unambiguous language of Section 30509(a)(1)(B) would forbid Carnival from including an arbitration clause in its cruise contracts since such a clause would limit “the right of a claimant for personal injury or death to a trial by court of competent jurisdiction.” 46 U.S.C. § 30509(a)(1)(B). Because an arbitration panel is not a court of competent jurisdiction, an arbitration clause in a case such as this one would be unenforceable.

. However, we note that Carnival has opposed other plaintiffs' requests for a jury trial in federal admiralty court in the past. See Carnival’s Motion to Strike Plaintiffs' Demand for Jury Trial and Memorandum of Law in Support Thereof in the case styled Hayes v. Carnival Corp., d/b/a Carnival Cruise Line and/or Carnival, Case No.: 06-20425 Civ-King/Garber (S.D.Fla.2006). At oral argument, Carnival stated that it has changed its corporate policy and will take all steps necessary to consent to jury trials brought in admiralty under the Forum Clause. See Fed. R.Civ.P. 39(c)(2).

. In Blair, Justice Anstead elaborated on the importance of the right to a jury trial by emphasizing its historical significance as follows:
Before addressing the facts of this case, we review and reaffirm the importance of the right to trial by jury in the United States and Florida. From the outset, the earliest American colonists "cherished the right to a trial by jury.” Douglas E. Lahammer, Note, The Federal Constitutional Right to Trial by Jury for The Offense of Driving While Intoxicated, 73 Minn. L.Rev. 122, 125 n. 19 (1988). As evidence of this strong sentiment, the right to trial by jury was incorporated into King James I's Instructions for the Government of the Colony of Virginia, 1606; the Massachusetts Body of Liberties, 1628; the Concessions and Agreements of West New Jersey, 1677; and the Frame of Government of Pennsylvania, 1682. Lloyd E. Moore, The Jury, Tool of Kings, Palladium of Liberty 97-99 (1973); Sources of Our Liberties 37, 74, 185, 217 (Richard L. Perry ed., 1959).
Later, this right was of paramount importance to the Founding Fathers. Indeed, ”[t]rial by jury, as instituted in England, was to the Founders an integral part of a judicial system aimed at achieving justice.” Colleen P. Murphy, Integrating the Constitutional Authority of Civil and Criminal Juries, 61 Geo. Wash. L.Rev. 723, 742 (1993). Accordingly, the Founders, mindful of "royal encroachments on jury trial” and fearful of leaving this precious right to the whims of legislative prerogative, included protection of the right in the Declaration of Independence and included three separate provisions in the Constitution for the right to juty trial: Article III and later the Sixth and Seventh Amendments. Id. at 744-45. In addition, the "constitutions of the original 13 states and of every state later admitted to the United States contained some form of a jury trial right." Robert P. Connolly, Note, The Petty Offense Exception and the Right to a Jury Trial, 48 Fordham L.Rev. 205, 212 n. 51 (1979). No state has ever removed the right from its constitution. Duncan v. Louisiana, 391 U.S. 145, 153-54, 88 S.Ct. 1444, 1449-50, 20 L.Ed.2d 491 (1968). The right extends equally to criminal and civil cases, except in Louisiana, Colorado, and Wyoming, which only guarantee the right to trial by jury in criminal cases. See Henry H. Perritt, Jr., "And the Whole Earth Was of One Language” — A Broad View of Dispute Resolution, 29 Vill. L.Rev. 1221, 1320 n. 554 (1984); art. I, § 17, La. Const.; art. II, § 23, Colo. Const.; art. I, § 9, Wyo. Const.
*585 Blair, 698 So.2d at 1212-13 (footnotes omitted).