**OVERHEAD DOOR CORPORATION, Plaintiff-Appellee,**

v.

**NEWCOURT, INC., Defendant-Appellant.**

**No. 77–2470.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1980.

William D. Durkee, Kenneth E. Kuffner, Houston, Tex., for plaintiff-appellee.

Arthur F. Zobal, Fort Worth, Tex., for defendant-appellant.

Before GOLDBERG, FAY, and ANDERSON, Circuit Judges.

PER CURIAM.

On August 8, 1974, Overhead Door Corporation filed a suit against Newcourt, Inc. for infringement of U.S. Patent Nos. 3,510,-162 and 3,642,314. Newcourt filed a counterclaim against Overhead Door seeking declarations that it had not infringed these patents and that the patents are invalid.

Without reaching the question of validity, the trial court ruled for Newcourt on the infringement issue. Overhead Door appealed. Newcourt then cross-appealed, claiming that it was error for the trial court to decline to rule on the validity of the patents. Prior to oral argument before us, Overhead Door moved to dismiss its appeal and the cross-appeal. Newcourt did not object to dismissal of the appeal, and we granted Overhead Door's motion to that extent. However, Newcourt objects to dismissal of its cross-appeal.

Newcourt cites *Sinclair and Carroll Co., Inc. v. Interchemical Corp.*, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644 (1945), and *Beckman Instruments, Inc. v. Chemtronics, Inc.*, 428 F.2d 555 (5th Cir. 1970) for the proposition that, in patent cases involving both validity and infringement issues, the issue of validity should ordinarily be taken up first. However, if the trial court's decision not to rule on validity was error, the error was invited by Newcourt. Its proposed conclusion of Law No. 86 stated: "Ques-

tions of the validity of U.S. Patents Nos. 3,510,162 and 3,642,314 have been raised, however, since there is no infringement or inducement of infringement by the accused device of the claims of these two patents, there is no necessity of reaching the issue of validity." [citations omitted]. This conclusion was adopted verbatim by the trial court. Having requested the disposition of the validity issue which was adopted by the trial court, Newcourt cannot now challenge it on cross-appeal. *See Alabama Great Southern Railway Co. v. Johnson*, 140 F.2d 968, 971 (5th Cir. 1944) (dictum). *See generally* 5 C.J.S. Appeal and Error § 1501 (1958).

CROSS–APPEAL DISMISSED.