Charles E. WAGNER, Appellant,

v.

Reese H. TAYLOR, Jr., Chairman, Interstate Commerce Commission.

No. 84–5865.

United States Court of Appeals, District of Columbia Circuit.

Dec. 24, 1987.

---

Charles E. Wagner, pro se.

Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth, R. Craig Lawrence and Patricia J. Kenney, Asst. U.S. Attys., were on the brief, for appellee.

Before WALD, Chief Judge, ROBINSON and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROBINSON.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

This is Charles E. Wagner's third appeal in his ongoing controversy with his employer, the Interstate Commerce Commission (ICC). The nature of the dispute is fully detailed in the two other appeals which we decide today.[1] Wagner's earliest appeal is from an adverse judgment in *Wagner I*, in which he sought an injunction restraining ICC from retaliating against him while he pressed complaints of employment discrimi-

nation through administrative and judicial channels.[2] The second appeal emanates from *Wagner II*, a suit following the conclusion of administrative proceedings, in which the District Court denied a preliminary injunction against alleged discriminatory acts by ICC and refused to certify the class Wagner wishes to represent.[3]

The case at bar, *Wagner III*, was initiated as a bid for a declaratory order and an injunction addressing the same acts of reprisal that were alleged in *Wagner I*. The essential difference between the two cases is that *Wagner I* seeks injunctive relief against reprisals pending administrative investigation and judicial review of the original discrimination claims, whereas *Wagner III* features the retaliatory acts averred in *Wagner I* as the basis for a separate discrimination charge and seeks a permanent injunction against their repetition.[4]

In the instant case, ICC moved the District Court to consolidate *Wagner III* with *Wagner II* on the ground that the facts and legal issues in the two cases were "identical."[5] ICC pointed out that the complaint in *Wagner II* had alleged reprisals as part of the justification for injunctive relief.[6] Although Wagner, on the appeal of *Wagner II*, beseeched us to consider his reprisal claims as elements of that case,[7] he now argues before us that those claims supply

---

1. *Wagner v. Taylor (Wagner I)*, 836 F.2d 566 (D.C.Cir.1987); *Wagner v. Taylor (Wagner II)*, 836 F.2d 578 (D.C.Cir. 1987).

2. *Wagner v. Taylor (Wagner I)*, Civ. No. 81–2695 (D.D.C. Dec. 23, 1981).

3. *Wagner v. Taylor (Wagner II)*, Civ. No. 82–0444 (D.D.C. Nov. 8, 1983).

4. Verified Complaint for Declaratory Order and Permanent Injunction ¶¶ 50, 51, *Wagner v. Taylor (Wagner III)*, Civ. No. 84–1509 (D.D.C.) (filed May 14, 1984), Appendix for Appellant (A.App.) 10–11.

5. Motion to Consolidate, *Wagner v. Taylor (Wagner III)*, Civ. No. 84–1509 (D.D.C.) (filed Aug. 16, 1984), Appendix B for Appellee (Ae. App.) (B) 19.

6. See Class Action Complaint for Declaratory and Injunctive Relief ¶ 26, *Wagner v. Taylor*

*(Wagner II)*, Civ. No. 82–0444 (D.D.C.) (filed Feb. 17, 1982):

In addition, commencing on or about October 1, 1981, and continuing thereafter up to and including the date of this Complaint, defendant has engaged in adverse disparate treatment of named plaintiff soley [*sic*] as reprisal for prosecuting this class action complaint.

See also Reply to Defendant's Response to Motion to Certify the Class Action at 5, 11–12, *Wagner v. Taylor (Wagner II)*, Civ. No. 82–0444 (D.D.C.) (filed Aug. 9, 1982); Plaintiff's Reply to Defendant's Opposition to Supplemental Motion for Class Certification at 13–14, *Wagner v. Taylor (Wagner II)*, Civ. No. 82–0444 (D.D.C.) (filed Apr. 4, 1983).

7. See Brief for Appellant at 21–22, 35–38, *Wagner v. Taylor (Wagner II)*, 836 F.2d 578 (D.C.Cir. 1987); Reply Brief for Appellant at 15, *Wagner v. Taylor (Wagner II)*, 836 F.2d 578 (D.C.Cir. 1987).

the foundation for a separate action.[8] We do not reach this contention, however, for any merit in Wagner's thesis that *Wagner III* should be permitted to continue on its own is overwhelmed by the manner in which the District Court was forced to dispose of the case.

Wagner, proceeding *pro se*, appeared at a hearing on ICC's motion to consolidate *Wagner III* with *Wagner II*. The District Court, attempting to sort out the three cases instituted by Wagner, asked him to explain the difference between *Wagner III* and *Wagner I*. The following colloquy ensued:

> MR. WAGNER: [Wagner III is] no different from the claim that was presented to Your Honor in 1981 [*Wagner I*]. In fact, that is our position.
>
> THE COURT: Well, if that's so then it seems to me the complaint should just be stricken and we should wait for the Court of Appeals to act. They've heard argument, as I understand it, .... And I refused the kind of injunction you asked for and you were saying I erred, which you have every right to do, and the matter is up there being considered by the Court of Appeals, so if this case just duplicates that it's a non-case.
>
> MR. WAGNER: It does, Your Honor.
>
> THE COURT: You say it duplicates that?
>
> MR. WAGNER: In fact, Your Honor, it was intended to duplicate the other case.
>
> THE COURT: Then it seems to me it ought to be dismissed and I will dismiss it.
>
> \*    \*    \*    \*    \*    \*
>
> MR. WAGNER: Well, Your Honor, if I might be heard. If I might offer the court an alternative suggestion.

> THE COURT: I'll hear you, Mr. Wagner[,].... but I thought it was clear after you said it was the same case, the case is on appeal, it would seem to me that's the end of the matter.
>
> MR. WAGNER: Your Honor, I agree with the court, almost one hundred percent except that, Your Honor, if you might, I would ask that the court certify this case to the Court of Appeals and let the Court of Appeals decide the issues. Inasmuch as the issues are the same the court can under—
>
> THE COURT: Well, you could appeal my order of dismissal and ask to have it joined in the appeal up there.
>
> MR. WAGNER: Yes, Your Honor, I could do that except that I guess—well, yes, Your Honor, I could do that.
>
> THE COURT: I think I wouldn't certify it. I think that would be the way you'd have to go.
>
> MR. WAGNER: All right. Fine. Thank you.[9]

On the same day, an order issued reciting that at the hearing Wagner had "represented that the instant action raises claims identical to [*Wagner I*], which has been argued in the Court of Appeals ... and awaits decision there," and declaring that "[u]nder these circumstances, the pending motion in this matter is mooted and the complaint must be and hereby is dismissed."[10]

▇▇▇ We perceive no basis for upsetting the District Court's disposition. If the claims in *Wagner I* and *Wagner III* were the same, as Wagner alleged, the court's judgment in *Wagner I* clearly barred relitigation of any such claim in *Wagner III*,[11] even though Wagner's appeal from that judgment was still pending.[12] And even if

8. Brief for Appellant at 20–24.

9. Transcript of Hearing, Nov. 29, 1984, at 14–16, *Wagner v. Taylor (Wagner III)*, Civ. No. 84–1509 (D.D.C.), Ae.App. (B) 16–18.

10. *Wagner v. Taylor (Wagner III)*, Civ. No. 84–1509 (D.D.C. Nov. 29, 1984) (order), Ae.App. (B) 2.

11. E.g., *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308, 313 (1980); *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, 905–906 (1948).

12. *Nixon v. Richey*, 168 U.S.App.D.C. 172, 180 n. 75, 513 F.2d 430, 438 n. 75 (1975); *Kurek v. Pleasure Driveway & Park Dist.*, 557 F.2d 580, 595 (7th Cir.1977), *cert. denied*, 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979); *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed.Cir.1983).

the claims in the two cases truly differed,[13] the result would not change one whit. It has long been settled that on appeal a litigant cannot avail himself of an error that he induced the court under review to commit.[14] Wagner insisted in the District Court that *Wagner III* merely duplicated *Wagner I*,[15] and the court, accepting that as its dispositional premise, ordered the dismissal of which Wagner now complains. A starker instance of invited error, if indeed any error was committed, could hardly be imagined.

The order appealed from is accordingly

*Affirmed.*[16]

---

**13.** We express no view in this regard.

**14.** See, e.g., *Orenstein v. United States,* 191 F.2d 184, 193 (1st Cir.1951); *Overhead Door Corp. v. Newcourt, Inc.,* 611 F.2d 989, 990 (5th Cir.1980); *All Am. Life & Cas. Co. v. Oceanic Trade Alliance Counsel Int'l, Inc.,* 756 F.2d 474, 479–480 (6th Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed.2d 55 (1985); *DeLand v. Old Republic Life Ins. Co.,* 758 F.2d 1331, 1336–1337 (9th Cir.1985).

**15.** Wagner also characterized the present case as "identical" to *Wagner I* in his Response to Notice of Related Case, at 1, 2, *Wagner v. Taylor (Wagner III),* Civ. No. 84–1509 (D.D.C.) (filed Aug. 27, 1984), Record 14.

**16.** This disposition, of course, moots the request that we consolidate the appeals of *Wagner I* and *Wagner III.* See Motion to Consolidate, *Wagner v. Taylor (Wagner III),* No. 84–5865 (D.C.Cir.) (filed Feb. 26, 1985). It also moots ICC's motion for summary affirmance. See Motion for Summary Affirmance, *Wagner v. Taylor (Wagner III)* No. 84–5865 (D.C.Cir.) (filed Apr. 29, 1985).