UNITED STATES of America, Appellee

v.

**McKinley HUNT, Also Known as McKinley Ellie Hunt, Appellant.**

**No. 10–3018.**

United States Court of Appeals, District of Columbia Circuit.

March 28, 2014.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Dennis M. Hart, Law Office of Dennis M. Hart, Washington, DC, for Appellant.

Before: GARLAND, Chief Judge, and TATEL and PILLARD, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record and the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

McKinley Hunt pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and two counts of first-degree child sexual abuse with aggravating circumstances in violation of D.C.Code §§ 22–3008, 22–3020(a)(1)–(2). Pursuant to a plea agreement, the district court sentenced Hunt to

25 years in prison. *See* Fed.R.Crim.P. 11(c)(1)(C). The district court also ordered Hunt to pay $170,839 in restitution. Hunt now challenges the validity of his plea and sentence.

Hunt primarily argues that the restitution order violates the Eighth Amendment because it lacks a sufficient factual basis. But as the government points out, Hunt actually proposed the $170,839 figure in response to the government's larger request, and the government acquiesced in order to ensure "an uncontested restitution amount that is entered soon." Trial Tr. 8 (Jan. 5, 2012). Moreover, at sentencing Hunt specifically acknowledged that "there is indeed a factual basis to support restitution in the amount of $170,839." *Id.* at 16–17. Under these circumstances, as the government suggests, Hunt's Eighth Amendment argument may well be waived. *See Wagner v. Taylor*, 836 F.2d 596, 599 (D.C.Cir.1987) ("It has long been settled that on appeal a litigant cannot avail himself of an error that he induced the court under review to commit." (footnote omitted)); *see also United States v. Sutton*, 801 F.2d 1346, 1367 (D.C.Cir.1986) (applying waiver in the criminal context). In any event, the district court committed no plain error. In cases like this, district courts must order an amount of restitution sufficient to allow victims to fully recover all "losses suffered … as a proximate result of the offense," including but not limited to the costs of "medical services relating to physical, psychiatric, or psychological care," the costs of "physical and occupational therapy or rehabilitation," and "lost income." 18 U.S.C. § 2259. Here, far from error, let alone "clear" or "obvious" error, the district court's reliance on an expert report to document the full amount of these recoverable costs was entirely reasonable. *United States v. Bryant*, 523 F.3d 349, 353 (D.C.Cir.2008).

Hunt presents five additional arguments, four of which are frivolous. First, the record fails to indicate that the government followed anything but a routine process when it pursued charges against Hunt in federal district court after he was previously charged for the same conduct in D.C. Superior Court. Second, nothing in the record suggests that Hunt was coerced into accepting appointed counsel. Third, the statutorily mandated restitution order in no way breached the plea agreement even though the agreement never referenced restitution. Fourth, any sentencing delay resulting from the district court's efforts to establish a factual basis for the restitution order did not violate Hunt's speedy trial rights.

That leaves Hunt's contention that he received ineffective assistance of counsel. "In this Circuit, we generally remand colorable claims of ineffective assistance to the district court to make any necessary factual findings, unless the record conclusively demonstrates that the defendant is or is not entitled to relief." *United States v. Pole*, 741 F.3d 120, 126 (D.C.Cir.2013) (citations and quotation marks omitted). Here, the record conclusively demonstrates that Hunt suffered no prejudice as a result of counsels' alleged errors. To prevail on his ineffective assistance of counsel claim, Hunt would have to demonstrate a "reasonable probability" that he would have gone to trial but for counsels' deficiencies. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Had Hunt gone to trial, he likely would have been convicted and, based on Hunt's sentencing guidelines range (the low end of which, Hunt acknowledged, was 41 years) and the district court's statements at sentencing, almost certainly sentenced to a much longer prison term and stuck with a restitution bill as large as or larger than the one he currently owes. Thus, the overwhelming evidence against Hunt, to-

gether with the somewhat favorable terms of the plea deal, suggest that, even if Hunt's counsel performed deficiently, there is no "reasonable probability" that but for counsels' errors the outcome of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.