# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-30424

————

JAMES JOHNSON,

Plaintiff

v.

PPI TECHNOLOGY SERVICES, L.P.,

Defendant

_____

ROBERT CROKE,

Plaintiff - Appellant

v.

PPI TECHNOLOGY SERVICES, L.P.; GLOBALSANTAFE OFFSHORE SERVICES, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED,

Defendants - Appellees

————

Appeals from the United States District Court
for the Eastern District of Louisiana
Nos. 2:11-CV-2773, 2:12-CV-1534

————

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2015

Lyle W. Cayce
Clerk

No. 14-30424

Before JOLLY and DENNIS, Circuit Judges, and RAMOS, District Judge.[*]

PER CURIAM:[**]

Robert Croke alleges that, while working aboard an oil rig off the coast of Nigeria, gunmen boarded the rig, kidnapped him, and held him hostage for ten days. After his release, Croke sued PPI Technology Services, L.P., and GlobalSantaFe Offshore Services, Inc. He claims that the former was his employer and the latter employed other rig workers.[1] Both companies, he contends, were negligent in failing to take protective measures that would have avoided the incident. Because Croke is a citizen of Canada and the incident at issue occurred in Nigerian waters, the district court dismissed the case under the foreign seaman exclusion provisions of the Jones Act. For the reasons that follow, we will affirm.

## I.

We first address Croke's argument that the district court erred in applying the foreign seaman exclusion provisions of the Jones Act. 46 U.S.C. § 30105(b) provides:

> Except as provided in subsection (c), a civil action for maintenance and cure or for damages for personal

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] PPI Technology Services disputes that it, rather than another company, employed Croke, but that issue is not involved in the present appeal. *See Johnson v. PPI Tech. Servs., L.P.*, No. 14-30423, ___ F. App'x ___, 2015 WL 1434928 (5th Cir. Mar. 31, 2015) (unpublished) (addressing whether PPI Technology Services employed James Johnson, another rig worker injured in the same incident).

No. 14-30424

injury or death may not be brought under a maritime law of the United States if—

(1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action;

(2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and

(3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces.

The district court held that this exclusion applied because Croke is a citizen of Canada and his claims involve an incident that occurred in Nigerian waters. Because Croke does not challenge that determination, we will not disturb it. The dispute is whether 46 U.S.C. § 30105(c)'s exception to the exclusion is applicable. Section 30105(c) provides:

Subsection (b) does not apply if the individual bringing the action establishes that a remedy is not available under the laws of—

(1) the country asserting jurisdiction over the area in which the incident occurred; or

(2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident.

No. 14-30424

Specifically, the issue is whether Croke satisfied his burden on summary judgment of showing, pursuant to § 30105(c), that "a remedy is not available under the laws of [Nigeria] or [Canada]." The district court treated the issue of foreign remedy availability as, essentially, an inquiry into whether either of the foreign countries has remedial law on the books governing the circumstances of the incident. Croke now contends that the district court's understanding of the § 30105(c) inquiry was too narrow. The district court's analysis, he charges, should not have considered only whether Nigeria and Canada have applicable remedial law but also whether such remedies were actually "available" (the statute's term) to him or were rather outside his reach for extraneous reasons.[2] As for Nigeria, Croke says that he does not have "available" remedies in courts there because Nigerian courts cannot assert jurisdiction over the non-Nigerian corporate defendants in this case. For reasons that will become clear, we need not address Croke's arguments as to the unavailability of remedies in Canada.

---

[2] To support his argument that § 30105(c)'s concept of remedy "availability" takes into account barriers extraneous to the remedial law itself, Croke analogizes § 30105(c) to the Prison Litigation Reform Act's exhaustion provision, which has similar statutory language as § 30105(c). Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Courts agree that § 1997e(a)'s exhaustion requirement does not bar prison conditions suits merely because a correctional facility had "administrative remedies" that were not utilized. Rather, § 1997e(a) bars such suits only when "available" administrative remedies were not utilized, which generally implies an absence of preclusive barriers extraneous to the administrative procedures themselves. For example, correctional facility administrative remedies are not "available" and need not be exhausted under § 1997e(a) when the correctional facility's staff have misled the inmate as to the existence or procedures of the administrative remedy system. *See, e.g.*, *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002).

No. 14-30424

We need not, and do not, decide whether we agree with Croke's interpretation of § 30105(c)—*viz.*, that remedies are not "available" under a foreign country's laws if that country's courts cannot assert jurisdiction over the named defendants—because, irrespective of whether we adopt Croke's interpretation of the statute, we are compelled, for the reasons that follow, to conclude that he has failed to satisfy his burden of showing the unavailability of Nigerian remedies.

Before the district court, in attempting to show the unavailability of Nigerian remedies, Croke pointed to a prior ruling of the district court in another related case consolidated with this one. PPI Technology Services had moved, prior to the consolidation, to dismiss that case in favor of resolving the dispute in Nigerian courts pursuant to the *forum non conveniens* doctrine, and the district court denied the motion, holding that the company had not satisfied its burden of establishing Nigerian courts as an available forum for the dispute. Croke contended that as a result of the court's *forum non conveniens* ruling, "it has already been established in this case that there is no available remedy in Nigeria." That was incorrect.[3]

Under the *forum non conveniens* doctrine, it is *the defendant* who has the burden of proof, but under § 30105(c), the burden is with *the plaintiff.* *Compare, e.g.*, *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (*forum non conveniens*), *with* 46 U.S.C. § 30105(c). PPI Technology Services failed to prove under the *forum non conveniens* doctrine that Nigeria was an available forum, true. But it is a fallacy of logic to conclude that the

---

[3] The district court did not conclude that Nigerian courts were unavailable. The court's conclusion was: "PPI has failed, however, to demonstrate that an alternative forum in Nigeria is available to resolve this dispute." (Emphasis omitted.)

company's failure to prove that Nigerian courts were available *ipso facto* establishes the converse: that such courts were unavailable.  A defendant's *failure to prove* that a forum is available for the prosecution of the plaintiff's claims does not necessarily demonstrate that the forum is unavailable; actual evidence of unavailability is a different matter.  As the saying goes, "the absence of evidence does not equal evidence of absence."  *See, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 254 (D.C. Cir. 2013); *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1117 (10th Cir. 2011).  Under § 30105(c), it was Croke who had the burden of showing the unavailability of Nigerian remedies, and he attempted to satisfy his burden with nothing more than faulty logic.  He did not put forth any evidence or cite to any law whatsoever.  We must conclude, therefore, that Croke failed to show the unavailability of Nigerian remedies.  *Cf. Soc'y of Roman Catholic Church of Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 735-36 (5th Cir. 1997) (law of the case is inapplicable when the burden was on one party in the first appeal and on the other party in the second appeal).[4]

---

[4] Croke makes several other arguments as to the unavailability of Nigerian remedies that warrant only brief response.  First, Croke points to an affidavit in the district court record that he says is supportive of his claim that Nigerian remedies are unavailable to him.  However, he did not submit the affidavit in connection with his opposition to summary judgment, nor did he refer to it.  Although we "may" consider the affidavit in these circumstances, we elect here to exercise our discretion to disregard it.  FED. R. CIV. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of the materials in the record . . . ."), (c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *see Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896-97 (5th Cir. 2013) (rejecting appellant's argument that district court's summary judgment should be reversed based on an affidavit in the record that was not cited in opposition to summary judgment).  Second, Croke says, without citing anything, that "potentially the statute of limitations on any Nigerian remedies may have run."  Even assuming *arguendo* that a lapsed statute of limitations renders foreign remedies "unavailable" under § 30105(c), we have no basis to

No. 14-30424

Because Croke did not meet his burden as to the unavailability of Nigerian remedies, we need not reach his arguments as to the unavailability of Canadian remedies. The district court's application of § 30105(b) to preclude Croke's claims under the maritime law of the United States is affirmed.

## II.

Next, Croke complains that the district court did not indicate whether it was retaining jurisdiction over his claims arising under Nigerian law. The principal problem with this argument is that we disagree with the premise that he actually asserted any claims arising under Nigerian law. It is true that pleading standards are liberal as a general matter, and precise statements of legal theories are not required. FED. R. CIV. P. 8(a)(2); *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014). When, however, the plaintiff's claim arises under a foreign country's law, he must give notice that he is relying on such foreign law. FED. R. CIV. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."). Croke's complaint did not state that he was relying on Nigerian law; neither did his opposition to summary judgment; and neither did any other written submission of which we are aware. Whatever claims Croke could have asserted under Nigerian law, we hold that his total lack of notice forfeited them. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

---

conclude that the limitations period has lapsed. Croke doesn't even say that it has—only that it "potentially" "may" have. This is obviously no basis for reversal. *See, e.g., Simmons v. Willcox*, 911 F.2d 1077, 1082 (5th Cir. 1990) (unsupported speculative allegations are insufficient to preclude summary judgment).

No. 14-30424

### III.

Last, Croke contends that the district court erred in not allowing him to amend his complaint. Before the district court, in his opposition to summary judgment, Croke requested that if the court dismissed his claims under the maritime law of the United States, then he be allowed to amend the complaint to assert claims under Canadian law instead.[5] He added, however, that "candidly such claims are moot and unavailable" because the statute of limitations had run. The court dismissed the claims under United States law and denied the request to amend the complaint to assert claims under Canadian law, explaining that such amendment would be futile given that the claims were, as Croke conceded, "moot and unavailable." Croke then filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). He explained for the first time, and in apparent contradiction with his prior statement that the claims were "moot and unavailable," that, if he amended the complaint, the amendment would "relate back" and the claims would not be barred under the statute of limitations. He did not explain how his "relation-back" argument squared with his previous "candid" statement that the claims were "moot and unavailable."

We hold that Croke cannot challenge the district court's denial of his motion to amend the complaint because, to the extent that the district court may have erred, Croke invited the error. It is not clear what, exactly, Croke meant in "candidly" conceding that his Canadian law claims were "moot and

---

[5] When Croke requested leave to amend the complaint, the district court's deadline for such amendments had already passed. Therefore, the law required Croke to show "good cause" for the untimely amendment. FED. R. CIV. P. 16(b)(4); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

unavailable." The only apparent meaning we can perceive, though, is that he intended to concede that the law did not allow him to assert the claims, at least not in this case, at this time. *Cf., e.g.*, *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) ("If a claim is moot, it presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.") (internal quotation marks and citation omitted). Having represented to the district court that the law did not allow him to assert his Canadian law claims (we see no alternative interpretation of his statement), he cannot now challenge on appeal the district court's adoption of such conclusion. *See Overhead Door Corp. v. Newcourt, Inc.*, 611 F.2d 989, 990 (5th Cir. 1980). The district court's denial of leave to amend the complaint is affirmed.

The next question, then, is whether the district court abused its discretion in denying Croke's subsequent motion for reconsideration under Rule 59(e). In the context presented here, we think not. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued."); *Frietsch*, 56 F.3d at 828 ("But the only method by which the plaintiffs tried to bring to the district court's (or our) attention the German law on the enforcement of forum selection clauses was by submitting to the district court an affidavit of German law *after* that court had dismissed the suit, when the plaintiffs moved for reconsideration. The judge was not obliged to consider this belatedly submitted affidavit."). The district court's denial of the Rule 59(e) motion is affirmed.

\* \* \*

The district court's judgment is AFFIRMED.

No. 14-30424

E. GRADY JOLLY, Circuit Judge, concurring:

I agree with the majority that, because Croke presented no evidence of the unavailability of Nigerian remedies, he failed to carry his burden under the exception to the foreign-seaman exclusion, 46 U.S.C. § 31015(c). Footnote 2, however—which addresses an issue that is not reached in this appeal and is not determinative to our outcome—is dicta, and I respectfully disagree with its inclusion. Otherwise, I concur with the majority.